[No. 1584. Decided June 3, 1895.]

## WILLIAM J. HANNEGAN et al., Respondents, v. CHARLES I. ROTH et al., Appellants.

APPEAL — SUFFICIENCY OF EXCEPTIONS TO FINDINGS — DEATH OF PARTNER — RIGHTS IN PARTNERSHIP REALTY — ACTION BY SURVIVING PARTNER.

The failure of appellants to properly except to the findings of fact and conclusions of law of the trial court is not ground for striking the statement of facts on appeal.

A general exception to the findings of fact and conclusions of law filed by the trial court, without specifying any particular part or parts thereof as not justified by the evidence, is insufficient to warrant a review thereof on appeal, when some of the findings are manifestly correct.

Upon the death of a partner in whose name partnership real property is held, the legal title descends to his heirs who take subject to the debts of the firm, and the interest of the surviving partner therein is merely an equitable one.

There being no survivorship of partnership real property, the

5—12 WASH.

legal title of which was in the name of a deceased partner, the surviving partner cannot maintain an action to quiet title thereto until he has acquired the legal title.

*Appeal from Superior Court, Whatcom County.*

*Black & Leaming,* and *Fairchild & Rawson,* for appellants.

*J. J. Weisenburger,* and *J. R. Crites,* for respondents.

The opinion of the court was delivered by

ANDERS, J.— This action was brought to obtain a decree declaring the respondents to be the owners in fee simple, as tenants in common, of the southeast quarter of the southeast quarter of section 28, township 38, of range 3 east, in Whatcom county; and that the defendants have no right, title or interest in or to the same.

The plaintiffs allege and claim title under mesne conveyances, and by operation of law, from one Emma F. Doyle, the grantee from the United States. The defendants deny plaintiffs' title, and set up adverse possession, and also title in themselves, based upon a tax deed executed by the treasurer of the county to S. Baxter and W. P. Jones. Upon the trial the court found as facts and conclusions of law that the plaintiffs had established their alleged title by the evidence and were entitled to a decree as prayed, and a decree was accordingly entered in favor of the plaintiffs, wherein and whereby it is adjudged and decreed that the plaintiffs are the owners in fee simple of the whole of the above described premises, and that they and each of them are entitled to the possession of the whole thereof; that the claim and title asserted by defendants, and each of them, is void, and said defendants, nor either of them, have any right, title or inter-

est in or to said land or any part thereof. The tax deed and all mesne conveyances from the county treasurer to the defendants were adjudged void and canceled, and a judgment was entered against defendants for costs. The defendants bring the case here for review.

Respondents move this court to strike the statement of facts from the record on the grounds and for the reasons that appellants have not made or taken any proper or legal exceptions to any order, rule or judgment of the lower court, and have not made or taken any exception to any finding of fact or conclusion of law, in the manner provided by law, nor within the time required by statute. It has been the practice of this court to strike the statement of facts from the record only in cases where the same is not properly certified, or where it has been settled and certified without notice to all parties who are entitled to notice, under the provisions of the statute. As it is not shown, or claimed, that the statement in this case is not properly certified, or that the necessary notices were not given prior to its certification, it follows that the grounds stated are not sufficient to authorize us to strike out the statement of facts.

But it does not follow that the matters stated in the motion should be entirely disregarded. All that was necessary for respondents to do in this instance was to call the attention of the court, in their brief, to the facts alleged in their motion; but as we regard the substance of the procedure as more important than its form, we have treated the motion as, in effect, an objection to the consideration of the facts embodied in the statement, upon the grounds therein indicated. Considered as objections merely, the points made in the motion are well taken.

To the findings of fact and conclusions of law filed by the trial court, appellants interposed general objections, without specifying any particular part or parts thereof which they claimed were not justified by the evidence. As some of the findings are manifestly correct, a general objection to the whole thereof is clearly insufficient, and this court is precluded from reviewing any questions of fact upon which such findings were based. Laws 1893, pp. 112, 113, §§ 2, 3, 7; and p. 130, § 21; *Rice v. Stevens*, 9 Wash. 298 (37 Pac. 440).

And this being so, the only question to be determined is whether the conclusions of law and the judgment appealed from are warranted by the facts found by the court. It is stated, in substance, in the findings of fact that the land in controversy was purchased from the United States on August 3, 1870, by one Emma F. Doyle, who, on December 13, 1870, conveyed the same by warranty deed to the plaintiff, Leroy H. Briggs, and to Benjamin Flint and Thomas T. Minor; that on said last mentioned date Benjamin Flint and plaintiffs, Thomas Flint and Llewellyn Bixby, were copartners doing business under the firm name and style of Flint, Bixby & Co.; that on October 3, 1881, Benjamin Flint, one of the members of said firm, died, and the above named Thomas Flint and Llewellyn Bixby were the surviving partners of said firm of Flint, Bixby & Co.; that the undivided one-third interest in and to the said land which stood in the name of Benjamin Flint, was purchased with the money of the firm of Flint, Bixby & Co., and was the property of said firm; that the copartnership affairs of said firm have never been adjusted or settled, and said undivided one-third interest in said land was purchased by Benjamin Flint for said firm and was

firm property; that by mesne conveyances the plaintiffs, William J. Hannegan and Thomas P. Hannegan, have become the owners in fee simple of an undivided one-third interest in and to the said real estate; that the plaintiffs, W. J. Hannegan, Thomas P. Hannegan, and Thomas Flint and Llewellyn Bixby, as the surviving partners of the firm of Flint, Bixby & Co., and Leroy H. Briggs, are the owners in fee simple of the whole of the said premises and property, and are tenants in common of the whole thereof.    Some of these matters stated as facts, it will be observed, are really conclusions of law.    There are some other findings in the record, but they are not material to the determination of this case, for, if the judgment is warranted by the findings above set forth, it must be affirmed, and if not, it must be reversed, irrespective of the additional findings made by the court.

It was found by the court, and is conceded, that the legal title to an undivided one-third interest in this property stood in the name of Benjamin Flint at the time of his death, and there is no claim or pretense made by respondents that Thomas Flint and Llewellyn Bixby have any interest in the premises, except as surviving members of the firm of Flint, Bixby & Co. It is claimed, however, by respondents that the title of Benjamin Flint on his death vested in his copartners, and that the latter, by operation of law, became the absolute owners of his share of the property, and such was the view of the court, as evidenced by its findings.

But, whatever may be the equities of these surviving partners in respect to the interest of Benjamin Flint, deceased, in this land, we think they cannot claim a legal title to it simply as surviving members of a firm of

which he was also a member.   At law there is no sur-
vivorship of partnership real property, as the legal title
of a deceased partner descends to his heirs at law.
Such heirs, however, take the title subject to the debts
of the firm, and hold it in trust for the firm.   Parsons,
Partnership, § 274 and note; *Shields v. Fuller*, 65 Am.
Dec. 300, note.

The interest, then, of the surviving partner in part-
nership real estate is, in any event, merely an equit-
able one, and, therefore, the interest, if any, of re-
spondents Flint and Bixby in these premises is an
equitable, and not a legal interest.   The court, how-
ever, decreed that they were owners in fee, as tenants
in common with the other respondents.   But as no
one can possibly be an owner of land in fee who has
not the legal title, it necessarily follows that the decree
is erroneous.

If the interest held by the deceased partner was, in
fact, purchased with partnership funds, and for part-
nership purposes, and was partnership property, the
surviving partners, by an appropriate application to a
court of equity, can secure a conveyance to themselves
of such portion of the premises as they are justly en-
titled to.   And, until they do so, or acquire the title in
some other way, they cannot maintain an action like
the one at bar.   They allege ownership in fee, but the
facts show that they are entitled, at most, to a mere
equitable interest.   In this state, the surviving mem-
bers of a partnership are not even entitled to the
custody and control of the partnership property, as
such property is here subject to administration by the
"administrator of the partnership," and he is entitled
to the exclusive custody thereof.   (Code Proc., § 947
*et seq.*).   The authorities cited by respondents, as sus-

taining a contrary doctrine, are therefore not applicable under the laws of this state.

The judgment is reversed.

Scott, Dunbar and Gordon, JJ., concur.

Hoyt, C. J., dissents.