[No. 2726.  Decided January 10, 1898.]

## CARSTENS & EARLES, *Incorporated, Appellant,* v. LEIDIGH & HAVENS LUMBER COMPANY, *Respondent.*

APPEALABLE ORDER — EXCEPTIONS TO FINDINGS — REVIEW ON APPEAL — FOREIGN CORPORATIONS — SERVICE OF PROCESS.

An order quashing a summons is, in effect, a determination of the action or proceeding, and therefore constitutes an appealable order, under Laws 1893, p. 119, § 1 (Bal. Code, § 6500).

The failure to except to the findings of fact and conclusions of law made by the court in a proceeding tried before it exclusively upon affidavits will exclude consideration of the affidavits by the supreme court on appeal and confine the review by that court to the question of whether the findings of fact warrant the conclusions of law.

Service of summons upon an officer of a foreign corporation, who is temporarily present in the state, will not confer jurisdiction over the corporation, when the latter has never done any business in the state, nor maintained an office for that purpose nor appointed an officer or agent in the state for any purpose whatever.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.  Affirmed.

*James Kiefer*, for appellant.

*Donworth & Howe*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought by the plaintiff, a corporation under the laws of the state of Washington, to recover a balance of $910.43 for goods sold and delivered to the defendant, a corporation organized under the state of Missouri. Service was had upon the president of the defendant corporation in King county. The defendant appeared specially and moved the court to set aside and quash the service of summons, and in support of its motion filed the affidavit of John H. Leidigh, the president of the defendant corporation, showing that he was not a resident of the state of Washington, that on the 29th day of January, 1897, he came to the state of Washington, arriving at Seattle on February 2d, and was served with summons by the appellant in this action on the following morning.

Affidavits and counter-affidavits were filed, the case was tried upon said affidavits, and a judgment was rendered in favor of the defendant declaring the service of the summons to be void. It is contended by the respondent in its motion to dismiss that this is not an appealable order, but, whatever might be said concerning an order refusing to quash a summons, we think it is evident that an order quashing a summons in effect determines the action or proceeding and is therefore appealable under the statute.

It is objected also by the respondent that no proper exceptions were taken in the lower court to any of the findings of fact or conclusions of law made by the court, and we think this objection well taken. This case was tried as a mixed question of law and fact, and tried exclusively upon the affidavits which were considered by the court, and the court made its findings of fact and its conclusions of law

in regular form; the findings of fact not having been excepted to, under the rulings of this court in *Rice v. Stevens*, 9 Wash. 298 (37 Pac. 440), *Hannegan v. Roth*, 12 Wash. 65 (40 Pac. 636), and many subsequent· cases, the only question for this court to determine is, do the findings of fact warrant the conclusions of law. The court found that the defendant was a corporation duly organized and existing under the laws of the state of Missouri, that it had never appointed or had any agent residing in the state of Washington for any purpose whatever, had never done or carried on any business whatever in the state of Washington, had never had any property within the state of Washington, had never had an office for the transaction of business in any county in the state of Washington, and that it did not at any time have any officer or agent residing in any county in the state of Washington upon whom process might be served against said defendant company, or· any officer ·or agent whatever of said defendant company.

The appellant has based its argument so entirely upon the matters and things set up in the affidavits that it is of very little value to this court in determining the law governing this case, for if we were to consider the affidavits we might conclude that the transaction or sale had been made in the state of Washington, but the finding of the court is that the defendant has never done or carried on any business whatever in the state of Washington, and that John H. Leidigh, to whom a copy of summons and complaint were delivered, was at said time only casually and temporarily in the state of Washington, and has since departed therefrom; so that the argument of appellant made on the 16th, 17th, 18th,· 19th and 20th pages of its brief in relation to the purpose for which Mr. Leidigh came to this state and the capacity in which he was acting is not in point in the discussion of this case. We think from

an investigation of the cases cited by the appellant that it has confused the idea of jurisdiction of states over foreign corporations with the idea of a proper service. It is not questioned by any of the cases that we have seen that where a summons has been served upon an officer of a corporation for whose acts the corporation is bound, where the statute provided for a legal service on such agents or parties, the jurisdiction of the state court over foreign corporations attached. But in this case it does not appear to us that service was made under the statute, or in any other way that has ever been maintained by any court, viz.: by serving an officer of the foreign corporation which had no place of business in the state and which had never done any business in the state, such officer being simply temporarily present in the state. And most of the cases cited by appellant, as we before indicated, are cases simply sustaining jurisdiction under statutes which provided for legal service.

It is true that *Hiller v. Burlington, etc., R. R. Co.*, 70 N. Y. 223, a service upon a director of a foreign corporation in the state of New York, while he was there temporarily on his own business, was a good service and a sufficient commencement of the action, although defendant had no property in that state, but in that case it was determined by the court that the contract was made in the state of New York. There the plaintiff had made a contract to enter defendant's service for a term of years, his business being to procure emigrants to purchase and settle on defendant's lands in Nebraska. Plaintiff was bound under the contract to maintain during the whole time an office in the city of New York, and was to go to Europe for two or three months to arrange for emigration, and in accordance with said contract opened and kept open in the city of New York the office until the contract was terminated by

the defendant.   In that case the court very properly held
that in an action for services under the contract and for
damages under the breach it was to be assumed that the
parties understood that plaintiff's principal duties under
the contract would be discharged in New York City, and
that therefore the cause of action arose within that state.

Substantially the same doctrine was announced in *Pope
v. Terre Haute Car Mfg. Co.*, 87 N. Y. 137.

But the court in those cases was construing a statute
vastly different from our statute, and maintained the doc-
trine that the manner of service depended entirely upon
the legislature.   These cases, however, stand alone so far
as the announcement of the doctrine is concerned that the
service on the officer of a foreign corporation who is tempo-
rarily in the state is a good service, with the possible ex-
ception of *Klopp v. Water Works Co.*, 34 Neb. 808 (52
N. W. 819, 33 Am. St. Rep. 666), a Nebraska case;
though this case is not in point here for the reason that the
statute of Nebraska was entirely different from our statute,
and for the further reason that it was conceded in that case
that the debt was contracted in Nebraska, while the find-
ing of the court in this case is to the contrary, and even if
we should consider the complaint there is nothing there that
would indicate that the debt had been contracted in this
state.   The doctrine announced by the New York cases has
not been followed by the Federal courts.   See *Bentlif v.
London & Colonial Finance Corporation*, 44 Fed. 667.

The contention of the appellant that section 7 of article
12 of the constitution, which provides that

" No corporation organized outside the limits of this
state shall be allowed to transact business within the state
on more favorable conditions than are prescribed by law to
similar corporations organized under the laws of this state,"

will be invaded if this judgment is maintained, has no force

from the fact that it appears from the findings of the court that the defendant corporation here is not transacting business within the state under any condition whatever.

Mr. Thompson in his work on Corporations (Vol. 6, § 8030), lays down the rule governing this case as follows:

"It is a principle of American law, firmly settled, and one which may be regarded as the law everywhere, except where changed by statute, that service of process upon an officer or agent of a foreign corporation, casually or temporarily found within the jurisdiction, whether upon his own business, or otherwise, will not give jurisdiction to render a judgment *in personam* against the corporation. It can make no difference, in respect of the operation of this principle, whether the officer is casually or temporarily within the jurisdiction for his own private purposes, or for the purposes of the corporation—always provided that the local statute law has not changed the practice."

And the cases cited by the author overwhelmingly support the principle therein announced. In fact, not only the weight of authority, but all the authority that we have been able to find outside of the New York and Nebraska cases above mentioned sustains this text. The cases are reviewed in 8 Am. & Eng. Enc. Law (1st ed.), p. 384.

Under the circumstances of this case, then, as shown by the findings of fact, the judgment of the lower court must be sustained, and it is affirmed.

SCOTT, C. J., and GORDON and REAVIS, JJ., concur.

ANDERS, J., concurs in the result.