[No. 4812.   Decided January 4, 1904.]

A. J. RICH, *Appellant,* v. THE CHICAGO, BURLINGTON &
      QUINCY RAILWAY COMPANY, *Respondent.*[1]

PROCESS—SERVICE ON FOREIGN CORPORATION—RAILROADS—BUSI-
NESS IN THIS STATE. A foreign corporation can not be required
to answer in an action *in personam* in this state, unless it is doing
business in this state, and no distinction is to be made between
railroad and other corporations.

CORPORATIONS—FOREIGN RAILROAD—AGENT TO SOLICIT BUSINESS—
DOING BUSINESS IN STATE—PROCESS—SERVICE ON AGENT. Where
the only business done in this state by a foreign railroad com-
pany is to maintain an advertising agent authorized only to
solicit routing via its line, without power to sell tickets, make
rates, or obligate the company in any way, and no person within
the state is designated on whom process may be served, it can
not be required to answer in an action *in personam,* and service
upon such an agent is properly quashed.

Appeal from an order of the superior court for King
county, Morris, J., entered June 30, 1903, quashing the
service of a summons upon a foreign corporation. Affirmed.

*H. E. Foster,* for appellant, to the point that Benton
was shown to be the agent of the respondent, cited: *Tuch-
band v. Chicago etc. R. Co.,* 115 N. Y. 437, 22 N. E. 360;
*Norton v. Berlin Iron Bridge Co.,* 51 N. J. L. 442, 17 Atl.
1079.

*John P. Hartman,* for respondent. The respondent was
not transacting business in this state. *St. Clair v. Cox,*
106 U. S. 350, 1 Sup. Ct. 354; *Doe v. Springfield etc.
Mfg. Co.,* 104 Fed. 684; *Maxwell v. Atchison etc. R. Co.,*
34 Fed. 286. Benton was not an "agent" of the company,
within the meaning of the law relating to the service of
process. *Gottschalk Co. v. Distilling etc. Co.,* 50 Fed.

[1]Reported in 74 Pac. 1008.

683; *Chicago etc. R. Co. v. Walker,* 9 Lea. (Tenn.) 475; *Parke v. Commonwealth Ins. Co.,* 44 Pa. St. 422; *Fairbank & Co. v. Cincinnati etc. R. Co.,* 54 Fed. 420; *Wall v. Chesapeake etc. R. Co.,* 95 Fed. 398; *Boardman v. S. S. McClure Co.,* 123 Fed. 614; and cases *supra.*

FULLERTON, C. J.—The appellant, plaintiff below, brought this action in the superior court of King county against the respondent, The Chicago, Burlington & Quincy Railway Company, to recover for wrongs and personal indignities inflicted upon himself and his family by the agents, employes and servants of the respondent while he was, with his family, riding upon the respondent's train on a ticket purchased at Kansas City, Missouri, entitling him to ride to Seattle, in this state. The wrongs occurred, according to the allegations of the complaint, at Lincoln, Nebraska, and consisted of compelling the appellant and his family to leave a tourist sleeping car, in which he had engaged reservations, and take passage in a day coach. Service of summons was sought to be made upon the respondent by serving one M. P. Benton, alleged to be its agent, residing in the city of Seattle. The respondent appeared specially, and moved to quash the service, which motion the court granted, after a notice and hearing. This appeal is from the order quashing service.

From the showing accompanying the motion, and the findings of the court thereon, it substantially appears that the respondent, The Chicago, Burlington & Quincy Railway Company, is a foreign corporation, organized and existing under and by virtue of the laws of the state of Iowa, and has not complied, nor made any attempt to comply, with the laws of this state with reference to foreign corporations doing business herein; that it neither owns, leases, operates, nor maintains, by itself, or in connection

with any other person, company, or corporation, any line or lines of railway in this state, nor does it receive, accept, carry, or deliver passengers or freight within the state of Washington; that M. P. Benton, the person on whom the service for and on behalf of the respondent was made, was an employe of the respondent, whose duties were to solicit for it passenger and freight traffic—that is, his duties were to try to induce persons who intended to travel, or ship freight, from the state of Washington, to some other place in the United States which could be reached by passing over respondent's railway lines, to take that route, or ship their freight over that route which would pass over such lines; but that he was without authority to make contracts with reference to such traffic, or make any kind of contracts whatsoever on behalf of the company. It was also shown that the respondent had designated no person within the state on whom service of process might be made.

The section of the code (4875 Bal.) relating to the manner of service of summons on corporations reads in part as follows:

"The summons shall be served by delivering a copy thereof, as follows: . . . (4) If against a railroad corporation, to any station, freight, ticket or other agent thereof within this state; . . . (9) If the suit be against a foreign corporation or nonresident joint stock company or association doing business within this state, to any agent, cashier or secretary thereof; . . ."

Counsel have not been able to agree as to which of these subdivisions is applicable to the case in hand, but we think it can make very little difference which of them is held to apply, as in no event can a foreign corporation, whether it be a railroad company or a strictly private corporation, be required to answer to an action *in personam* in this state, unless it be engaged in business herein.

We so held in the case of a private corporation in *Carstens v. Leidigh etc. Lumber Co.*, 18 Wash. 450, 51 Pac. 1051, 39 L. R. A. 548, 63 Am. St. 906, where it was sought to hold a private corporation on a service made on its president temporarily within the state; and we cannot think the legislature intended to make a distinction, in this respect, between foreign corporations doing a railroad business, and those doing business of a less public nature. Either, to be subject to actions *in personam* in this state, must be doing business herein.

The question then remains, is the respondent doing business within this state? It seems clear to us that it is not. It is not easy to formulate a general rule by which it can be determined, in all cases, whether or not a corporation is doing business at a particular place; but it seems to be the consensus of opinion that a corporation, to be within the rule, must transact, within the state, some substantial part of its ordinary business, continuous in the sense that it is distinguished from merely casual or occasional transactions, and it must be of such a character as will give rise to some form of legal obligation. The respondent, according to the showing made in the record before us, did not come within this rule. The so-called agent is nothing more than a mere advertiser, whose duty it is to explain to intending travelers and shippers of freight the advantages of traveling or shipping over the respondent's lines. He possessed no power to sell tickets, make freight rates, or otherwise obligate the company in any form of contract, and it is difficult to understand what legal obligation he could create on its behalf. Merely advertising its business in a state, is not doing business within such state.

The judgment is affirmed.

HADLEY, DUNBAR, MOUNT, and ANDERS, JJ., concur.