[No. 7829. Department One. June 22, 1909.]

ARROW LUMBER AND SHINGLE COMPANY, *Appellant*, v. UNION PACIFIC RAILROAD COMPANY, *Respondent*.[1]

RAILROADS—SERVICE OF PROCESS—AGENTS. The fact that a soliciting agent was advertised as the "General Agent" of defendant railway company does not authorize the service of process upon him, under Bal. Code, § 4875, subd. 4, authorizing service upon any agent, where he derived no actual authority from the defendant, which had no interest in his office, and his reports were made to, and his salary was paid by, other companies.

CORPORATIONS—FOREIGN—SERVICE OF PROCESS—DOING BUSINESS IN THIS STATE. The routing, by a soliciting agent, of freight and passenger business over the line of a foreign railway does not make him an agent of the company upon whom service of process may be made; and when contracts are made therefor as the contracts of other companies, which arranged the division of the transportation, the transaction does not amount to "doing business in this state" by the foreign connecting lines.

. Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 14, 1908, granting defendant's motion to quash service of summons upon a foreign corporation, after a hearing before the court, in an action for damages. Affirmed.

[1]Reported in 102 Pac. 650.

*Douglas, Lane & Douglas,* for appellant.

*W. W. Cotton, Arthur C. Spencer,* and *John P. Hartman,* for respondent.

Morris, J.—The plaintiff below brought this action to recover damages for the improper storage of lumber, at Lincoln, Nebraska. Service was made upon E. E. Ellis, at Seattle. The defendant moved to quash the service, upon the grounds (1) that the summons was not served upon any agent of the defendant company within the state of Washington; (2) that Ellis was not an agent of defendant; (3) that defendant was a foreign corporation, not doing business within the state of Washington, nor had it complied with the laws of this state governing foreign corporations doing business within this state. Issue being joined upon this motion, a large number of affidavits were presented to the court, resulting in the sustaining of the motion, from which ruling plaintiff appeals.

The salient facts shown by the affidavits are, that Ellis is in charge of an office at Seattle from which advertising matter of the respondent is distributed, and freight and passenger business solicited. Upon the door of this office is the following, "Union Ticket Office, E. E. Ellis, Gen. Agt.," and upon the window appears the advertising design of the respondent, a shield in red, white and blue, with the words "Union Pacific, the Overland Route." Underneath this shield appears the following: "Oregon Railroad & Navigation Co.; Oregon Short Line R. R.; Union Pacific R. R.; Southern Pacific Co."; and below are the words, "Freight and Ticket Office." Ellis also uses stationery bearing the names of the above companies, with "E. E. Ellis, General Agent," printed thereon.

Several officers of the above-named railway companies made affidavits showing, that Ellis was the agent of the Oregon Railroad & Navigation Company and Southern Pacific Company; that respondent company had no interest in the Se-

attle office or any control over it; that Ellis' salary was paid
in whole by the Oregon Railroad & Navigation Company and
Southern Pacific; that all freight contracts and tickets were
issued by the Oregon Railroad & Navigation Company or
Southern Pacific; that no contracts were made on behalf of
respondent company; that the tickets sold contained coupons
reading over any road east and frequently over the Union
Pacific, but that all money collected for tickets was remitted
to either the Oregon Railroad & Navigation Company or
the Southern Pacific; that respondent was a Utah corpora-
tion, neither owning nor operating any railway line within
the state of Washington; that Ellis quoted freight and pas-
senger rates and routings over respondent's line as well as
other lines connecting with the Oregon Railroad & Navigation
Company and the Southern Pacific.

The statute under which the service was made is as follows:

"The summons shall be served by delivering a copy
thereof . . .

"(4) If against a railroad corporation, to any station,
freight, ticket or other agent thereof within this state; . . .

"(9) If the suit be against a foreign corporation or non-
resident joint stock company or association doing business
within this state, to any agent, cashier, or secretary there-
of; . . ." Bal. Code, § 4875 (P. C. § 332).

A like question was determined by this court in *Rich v.
Chicago etc. R. Co.*, 34 Wash. 14, 74 Pac. 1008. That case
is determinative of this, and we care to add but little to what
was there said. The mere fact that Ellis was known and ad-
vertised as "General Agent" of the respondent is of no value
to appellant, since it is clear from all the authorities that
it is the actual relation of the parties that is controlling, and
not the official designation or title which the alleged agent
may assume. The person upon whom the service is made
must be an agent who represents, and derives his authority
from, the corporation defendant, and the authority thus con-
ferred and exercised must be an actual authority, and not one
created by implication. The fact that Ellis solicited freight

and passenger business, routing this business over the respondent's line, as he did over all other lines connecting with the Oregon Railroad & Navigation Company and the Southern Pacific Company, does not make him an agent of the company over whose line such freight may be carried or such passengers travel; since it appears that all such contracts are issued as the contract of one or the other of the companies last named to whom he alone reports, and that they in turn arrange the division of the transportation with the connecting lines upon an agreed basis. Such an arrangement does not constitute a "doing business within this state," nor does it clothe Ellis with any cloak of agency within the meaning of our statute.

In view of the *Rich* case, we do not care to extend this opinion other than to say that, since the announcement of the rule in that case, the supreme court of the United States, in two cases, has announced a like rule. *Peterson v. Chicago etc. R. Co.*, 205 U. S. 364, 27 Sup. Ct. 513, 51 L. Ed. 841; *Green v. Chicago etc. R. Co.*, 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916. Upon the facts, the *Peterson* case is much stronger in favor of appellant's contention than the case before us, from the fact that two of the parties served were employees of the company sought to be held.

The judgment is affirmed.

RUDKIN, C. J., CHADWICK, FULLERTON, and GOSE, JJ., concur.