[No. 10949.  Department One.  August 22, 1913.]

LIZZIE KATTERHAGEN, *Appellant*, v. GEORGE MEISTER,
*Administrator etc., et al., Respondents.*[1]

APPEAL—NECESSITY OF EXCEPTIONS—FINDINGS OF FACT.  It is not
necessary to except to findings of fact if the appellant rests his case
upon them.

SAME—CONCLUSIONS OF LAW.  It is not necessary to except to the
conclusions of law.

SAME—RECORD—STATEMENT OF FACTS—NECESSITY.  A statement of
facts is not necessary to raise the question that the facts found do
not warrant the conclusions of law and judgment.

SAME—RECORD—STATEMENT OF FACTS—NECESSITY—PRESUMPTIONS
—QUESTIONS PRESENTED.  It will not be presumed, from the absence
of a statement of facts in an equity case, that the evidence sustains
the judgment, where complete findings of fact were made which
did not support the conclusions of law and judgment.

HUSBAND AND WIFE — COMMUNITY PROPERTY — PURCHASE—USE OF
SEPARATE FUNDS.  Where a husband and wife acquired real prop-
erty by paying $1,600 of the husband's separate property, and giving
their joint note for the balance of the purchase price, the note is a
community debt and the property becomes the husband's separate
property to the extent of $1,600, and community property as to the
balance; and it is immaterial that later the husband paid the note
out of his separate estate; since its status as community property
was fixed at the time it was acquired.

SAME—COMMUNITY PROPERTY—DISPOSAL.  After the acquisition of
community real property by husband and wife, it can be transferred
only by deed.

Appeal from a judgment of the superior court for King
county, Frater, J., entered June 5, 1912, upon findings in fa-
vor of the defendants, after a trial on the merits before the
court without a jury, in an action by heirs contesting a decree
of distribution.  Modified.

*Robert M. Jones*, for appellant.
*Peterson & Macbride*, for respondents.

[1]Reported in 134 Pac. 673.

Gose, J.—The principal question involved in this appeal is whether certain real property acquired after marriage was the separate property of the husband or the community property of the marriage entity. Touching this question, the court found as its third finding:

"That the said George Meister and Mary Meister, intestate, acquired after said marriage the following described property, to wit: Tract No. fourteen (14) in block B, plat of Julius Horton's Tracts, King county, Washington. The north forty (40) feet of lot thirteen (13), in block B, plat of Julius Horton's Tracts, described as follows: Commencing at the northeast corner of said lot thirteen (13), thence west one hundred thirty-one (131) feet, south forty (40) feet, east one hundred thirty-one (131) feet to Estelle street; thence north on Estelle street forty (40) feet, to place of beginning; situate in King county, Washington. That the title to said lands were taken in the name of and deeded to George Meister and Mary Meister, the intestate; that the purchase price of said property was six thousand six hundred fifty ($6,650) dollars; that one thousand six hundred ($1,600) dollars of this was paid in cash out of the separate funds of George Meister, and that the remainder of said purchase price was paid by a promissory note and mortgage, signed by George Meister and Mary Meister, the intestate; that the said note and mortgage were paid by George Meister out of his separate funds."

The conclusion deduced was:

"The court finds that all the property described in finding 3 is the sole and separate property of said George Meister."

The respondents have moved to dismiss the appeal because no exception was taken to either the finding or the conclusion of law as provided by the statute, Rem. & Bal. Code, § 383 (P. C. 81 § 673). We have uniformly held that a litigant is not required to except to a fact found by the court if he is content to rest his case upon it. *Brown v. Kern*, 21 Wash. 211, 57 Pac. 798. It is also settled that a litigant need not except to conclusions of law. *Hallidie Co. v. Washington Brick, Lime & Mfg. Co.*, 70 Wash. 80, 126 Pac. 96.

It is next contended that, the evidence not having been brought to this court, there is nothing to review. We have also held that a statement of facts is not necessary where the appellant desires to raise the question that the facts found do not warrant the conclusions of law or the decree. *Brown v. Kern, supra; Hannegan v. Roth,* 12 Wash. 65, 40 Pac. 636; *Carstens & Earles v. Leidigh & H. Lumber Co.,* 18 Wash. 450, 51 Pac. 1051, 63 Am. St. 906, 39 L. R. A. 548; *In re Clifford,* 37 Wash. 460, 79 Pac. 1001, 107 Am. St. 819. The precise point urged by the respondents, however, is that, this being a case of equitable cognizance, no findings were necessary; that the findings were incomplete, and hence that it will be presumed that the evidence sustains the decree. As sustaining this view, they cite: *Gould v. Austin,* 52 Wash. 457, 100 Pac. 1029; *Thompson v. Emerson,* 55 Wash. 138, 104 Pac. 201. These cases merely hold that findings are not necessary in equity cases, and therefore that such cases will not be reviewed, in the absence of a statement of facts or bill of exceptions, where the findings are defective or incomplete, the presumption being that the evidence warrants the judgment. The finding under review is neither defective nor incomplete, but on the contrary, it is full and specific.

Upon the merits of the controversy, we think the learned trial court reached a wrong conclusion in holding that the property was the separate property of George Meister. He paid $1,600 upon the purchase price from his separate funds. To that extent the property was separate. The remainder, or $5,050, was paid by the community. When the husband and wife united in the promissory note, the debt created was a community debt, and the money borrowed upon the note belonged to the community. It is not material whether they borrowed the money of a third party and paid it to the vendor or gave their note direct to him as a part of the purchase price. The rule would be the same in either case. Nor does the fact that the husband later paid the note out of his sep-

arate funds change the situation. The status of the property
was fixed at the time of the purchase. These views are sup-
ported by an unbroken current of decisions in this court.
*Yesler v. Hochstettler,* 4 Wash. 349, 30 Pac. 398; *Main v.
Scholl,* 20 Wash. 201, 54 Pac. 1125; *Heintz v. Brown,* 46
Wash. 387, 90 Pac. 211, 123 Am. St. 937; *Ballard v. Sly-
field,* 47 Wash. 174, 91 Pac. 642; *Denny v. Schwabacher,* 54
Wash. 689, 104 Pac. 137, 132 Am. St. 1140; *United States
Fidelity & Guaranty Co. v. Lee,* 58 Wash. 16, 107 Pac. 870.

In the case last cited, in considering the determinative prin-
ciples in cases of this character, we said:

"Where property is acquired during marriage, the test of
its separate or community character is whether it was ac-
quired by community funds and community credit, or sep-
arate funds and the issues and profits thereof; the presump-
tion always being that it is community property, but this
presumption may be rebutted by proof."

The applicable statutory provisions are set forth in the *Lee*
case, and need not be repeated. As we have said, the status of
the property is fixed at the time it is acquired. *Goddard v.
Reagan,* 8 Tex. Civ. App. 272; *Hirsch v. Howell* (Tex. Civ.
App.), 60 S. W. 887; *Schuyler v. Broughton,* 70 Cal. 282,
11 Pac. 719. In the *Goddard* case, a part of the purchase
price of the land in controversy was paid from the separate
money of the wife at the time of the purchase. The remain-
der was paid with money borrowed upon the joint note of the
husband and wife. Four or five weeks later, the wife paid the
note out of her separate funds. It was held that the money
borrowed was community funds; that the note was a commu-
nity obligation, and that the status of the property was fixed
at the time the land was acquired; that is, that the wife
having paid $700 out of her separate funds at the time of the
purchase, and the community having borrowed and paid the
remainder of the purchase price, $300, the wife acquired
seven-tenths of the property and the community the remain-
ing three-tenths. The community having acquired an inter-

est in the property, it could transfer it by deed only. *Graves v. Graves*, 48 Wash. 664, 94 Pac. 481.

The respondents rely upon *Dobbins v. Dexter Horton & Co.*, 62 Wash. 423, 113 Pac. 1088. In that case the property which furnished the fund with which the property in controversy was purchased was acquired while the wife was a single woman. In other respects the case is similar to *United States Fidelity & Guaranty Co. v. Lee, supra.* Although not cited, we have examined *Guye v. Guye*, 63 Wash. 340, 115 Pac. 731, 37 L. R. A. (N. S.) 186, and mention it for future reference.

The property should be distributed, 1600-6650 to the heirs of George Meister, he having died since the entry of the decree. The remainder, 5050-6650, should be distributed as the community property of George Meister and his wife Mary.

The judgment is modified to the extent stated.

CROW, C. J., MOUNT, PARKER, and CHADWICK, JJ., concur.