[No. 18407. Department One. March 7, 1924.]

# P. R. JOHNSON, *Respondent,* v. ATLANTIC & PACIFIC FISHERIES COMPANY, *Appellant.*[1]

CORPORATIONS (261, 263)—FOREIGN CORPORATIONS—ACTIONS—JURIS-
DICTION—DOING BUSINESS IN STATE. A corporation is doing business
in this state, where its treasurer opened an office and purchased fish
which it received in this state, repacked and reshipped to New York,
using letter heads stating the address of its office in this state.

SAME (261, 263)—FOREIGN CORPORATIONS—PROCESS—DOING BUSI-
NESS IN STATE—AGENT. Findings that such a company had not
ceased to do business in this state are sustained by evidence that
the same office was retained by the same man who continued the
same business under a similar name, the only change being in the
use of the word "packing" for the word "fisheries;" it appearing
that the mail to both companies was handled in the same way in the
office; and the man in charge was an agent upon whom process
could be served.

Appeal from a judgment of the superior court for
King county, Carey, J., entered May 16, 1923, upon the
verdict of a jury rendered in favor of the plaintiff, in
an action on contract. Affirmed.

[1]Reported in 224 Pac. 13.

*Roberts & Skeel* and *Tyre H. Hollander,* for appellant.

*Meyers & Couden* and *Enoch E. Mathison,* for respondent.

MACKINTOSH, J.—The question in this case is raised by the appellant's special appearance and motion to quash the service of the summons and complaint on the ground that the appellant had never done any business in the state of Washington which would authorize service upon an agent within this state, or, if the company had at one time done such business, that it had ceased to do it prior to the date of the attempted service; and, lastly, that the person upon whom the service was attempted to be made was not an agent with authority to accept process.

The action grew out of the breach of a contract between the respondent and appellant made and to be performed in Oregon. The complaint was served in July, 1922, upon one Einstoss, in Seattle. The facts attempted to be proved are, that the appellant is a corporation organized under the laws of New York, formed for the purpose of buying and selling fish; that, during the fishing seasons of the years 1919, 1920, and 1921, Einstoss, who at the time was treasurer of the appellant, came from New York to the city of Seattle, where he had an office upon one of the docks, and there bought large quantities of fish to be shipped east; that a great portion of these fish came from Alaska and were received by Einstoss at Seattle and there re-packed and re-shipped to New York. Stationery was used by the company, giving its business address as Seattle; it received mail at that address, kept there its books and accounts, records and files, carried a bank account in one of the Seattle banks, and

in addition to Einstoss, there was a bookkeeper employed.

In view of these facts, there can be no serious attention paid to the appellant's contention that the appellant never did any business in the state of Washington. The company, as has been stated, was organized for the purpose of buying and selling fish, and before it could sell it had to buy, and that buying took place in the state of Washington. It would hardly seem arguable that this buying did not constitute doing business, when, as a matter of fact, it was the most essential portion of the respondent's business.

In the case of *Pacific Typesetting Co. v. International Typographical Union,* 125 Wash. 273, 216 Pac. 358, this question has been lately discussed and nothing more need be said on that phase of this case. The cases cited by the appellant relate to actions where the courts have decided that the acts done did not amount to doing business, as such acts were merely incidental to the actual business of the corporations. *Johanson v. Alaska Treadwell Gold Mining Co.,* 225 Fed. 270; *Duke v. Pioneer Mining & Ditch Co.,* 280 Fed. 883; *Rich v. Chicago, Burlington & Quincy R. Co.,* 34 Wash. 14, 74 Pac. 1008; *Macario v. Alaska Gastineau Mining Co.,* 96 Wash. 458, 165 Pac. 73; *Alaska Pacific Navigation Co. v. Southwark Foundry & Mach. Co.,* 104 Wash. 346, 176 Pac. 357, and *Gerrick & Gerrick Co.. v. Llewellyn Iron Works,* 105 Wash. 98, 177 Pac. 692.

The next questions presented are that the appellant had ceased to do business in this state prior to July, 1922, and that Einstoss was not an agent with authority to accept process in July, 1922. The claim is that Einstoss, in May, 1922, had severed his connection with the appellant, and that, although in July, 1922, he was occupying the same office room and conducting business in the same manner as in previous years,

he at that time had resigned as treasurer of the appellant company and was the agent of another New York company, known as the Atlantic & Pacific Packing Company, distinguishing its name from that of the appellant only in the use of the word "packing" for the word "fisheries." Einstoss testified that these two corporations had no connection; that the resemblance between the corporate names was a mere coincidence, as was also the fact that the packing company occupied premises formerly used by the appellant and employed and dealt with the same people in the same manner. There is testimony, however, in the record that Einstoss told persons in Seattle, on his return for the fishing season of 1922, that the "name had been changed." The testimony further shows that the dealings of the new company would lend strong support to the belief that the change in the name was really the only change that had taken place, for letters and bills addressed to either the packing or the fishery company received the same attention, at least one account with the appellant was transferred to the new company without any balance having been struck, in the books of the packing company balances appearing on the books of the appellant were carried forward, a claim due the appellant was collected by the packing company. Taking the entire situation, we are impressed, as was the trial court, that the only difference between these two concerns was that which existed between classic tweedle-dum and tweedle-dee.

Passing to the next claim that, even though the appellant company was doing business in July, 1922, Einstoss was not an agent upon whom process could be served. What has already been said virtually disposes of this contention. Einstoss was no mere employee. He was the person who was doing the important part of the appellant's business in this state. He

was not, as in *Carstens & Earles v. Leidigh & H. Lum. Co.*, 18 Wash. 450, 51 Pac. 1051, 63 Am. St. 906, 39 L. R. A. 548, an officer of a corporation temporarily in the state; nor was he, as in *Arrow Lum. & Shingle Co. v. Union Pac. R. Co.*, 53 Wash. 629, 102 Pac. 650, merely a solicitor, nor as in *Smith & Co. v. Dickinson*, 81 Wash. 465, 142 Pac. 1143. He was fully as much an agent of the appellant as the person upon whom service was made in the *Pacific Typesetting Co.* case, *supra.*

We are satisfied the lower court was correct in sustaining the service. There being no other question in this case, the judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and PARKER, JJ., concur.