[No. 18278.   Department One.   March 14, 1924.]

CHARLES A. JOHNSON *et al., Respondents,* v. ATLANTIC & PACIFIC FISHERIES COMPANY *et al.,*
*Appellants.*[1]

PLEADING (140)—PROCESS—SERVICE—WAIVER BY APPROVAL. The failure to serve a second amended complaint upon defendant cannot be assigned as error, where that complaint brought in a new party, and defendant answered jointly with such new party, entitling the answer as the amendment was entitled.

PLEADING (101)—AMENDMENT—DISCRETION. The trial amendment of the complaint is largely a matter of discretion, to be disturbed only upon abuse.

Appeal from a judgment of the superior court for King county, Hall, J., entered April 7, 1923, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Affirmed.

[1]Reported in 224 Pac. 15.

*Roberts & Skeel* and *Tyre H. Hollander,* for appellants.

*Joseph Matsen* and *George S. Kahin,* for respondents.

Tolman, J.—Respondents, as plaintiffs, brought this action to recover for professional services as certified public acountants, and from a judgment against the defendants and each of them in the sum of $497.15 and interest, the corporate defendants alone have appealed.

The first questions raised are as to the legality of the service upon the appellants, and the right to recover against the appellant Atlantic & Pacific Packing Company. These are identical in all respects with the questions raised and decided in *Johnson v. Atlantic & Pacific Fisheries Co., ante* p. 578, 224 Pac. 13, and need not again be discussed. Being satisfied with that holding and adhering thereto, we must and do apply the same rule here.

It is next contended that there was no service of the second amended complaint upon appellants, and that the trial amendment thereof should have been disallowed. While the record seems to be silent upon the matter of the service in dispute, still, as the second amended complaint brought into the action S. Einstoss as a defendant, and as appellants answered jointly with Einstoss and the joint answer was entitled as was the second amended complaint, we see nothing in the lack of service, if there was such, of which appellants can complain. The trial amendment was largely in the discretion of the trial court, and nothing indicating abuse of that discretion is pointed out.

The refusal to grant a continuance seems to have been in accordance with the mandate of the statute,

Rem. Comp. Stat., § 322 [P. C. § 8485], and we find no error therein.

We have examined and considered the various claimed errors in the reception of evidence and find none of the rulings complained of, or the results flowing therefrom, to be prejudicial or of such moment as to warrant a detailed discussion.

Being convinced that no prejudicial error was committed, the judgment appealed from is affirmed.

MAIN, C. J., HOLCOMB, MACKINTOSH, and PARKER, JJ., concur.