[No. 19644.  *En Banc.*  December 3, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Guern-sey-Newton Company, Plaintiff,* v. THE SUPERIOR COURT FOR YAKIMA COUNTY, *V. O. Nichoson, Judge, Respondent.*[1]

CORPORATIONS (195)—ACTIONS—VENUE—DOING BUSINESS—INSUR-ANCE—BROKER AS AGENT.  A corporation conducting a general in-surance brokerage business, and acting as general agent for insur-ance companies throughout the state, is transacting business in, and subject to be sued in, Y. county, where it procured the appointment of a "resident agent" in that county for its insurance companies and obtained the agent's license therefor, the agent using letter heads designating it as such resident agent, soliciting local insurance on blanks furnished, delivering insurance policies on acceptance, col-lecting the insurance premiums, and remitting to the general agent therefor.

Application filed in the supreme court, October 16, 1925, for a writ of prohibition to restrain the superior court for Yakima county, Nichoson, J., from proceeding with a cause against a corporation after overruling objections to the jurisdiction.  Denied.

*Poe, Falknor, Falknor & Emory,* for relator.

*Shumate & Cheney,* for respondent.

MACKINTOSH, J.—A suit was begun in Yakima county against the relator in this action which alleged that, in May, 1925, the plaintiff was the owner of an apple crop, then growing, and made application through James B. Harris & Company, at Yakima, for hail in-surance to cover the crop; that, on May 20, 1925, Harris & Company addressed a letter to the Seattle office of the relator, who was conducting a general brokerage and insurance business, notifying it of the plaintiff's application for hail insurance, and asking relator to forward to Harris & Company blank applications upon

[1]Reported in 241 Pac. 303.

which to take the formal application; that, on May 25, Harris & Company again wrote the relator, stating that they had not received the blank applications, and made application on behalf of the plaintiff for hail insurance on the crop. This application was in writing, and set out in the complaint. That, on May 26, receipt of the application was acknowledged in a writing set out in full in the complaint, which contains the statement: "We are, however, keeping Mr. Hoyer [the plaintiff] completely covered in the meantime." That, on June 2, Harris & Company, having received the blank applications, caused a written application for three thousand dollars worth of hail insurance to be made out and executed by the plaintiff, and forwarded the application on that day to Seattle, accompanied with a check to pay the premium. That the relator's letter of May 26 was communicated to plaintiff and relied on. That, on June 8, a hail storm occurred in Yakima county, damaging the plaintiff's apple crop; that the plaintiff immediately reported the loss to Harris & Company, and on July 18 made proof of loss and demand for payment; that the relator failed to effect insurance with any responsible company authorized to do business in the state of Washington. And the plaintiff then prays for judgment in the sum of three thousand dollars.

Under a special appearance, the relator objected to the jurisdiction of the court for the reason that the relator, it is alleged, is a corporation, with its principal place of business in Seattle, King county, is not transacting any business in Yakima county, and did not have an office in that county for the transaction of business, or any person in that county upon whom process might be served. The superior court, sitting in Yakima county, denied the relator's objection, after considering affidavits filed by the relator and by the

plaintiff, and thereupon the relator began this action in this court, seeking a writ of prohibition to prohibit the superior court of Yakima county from further proceeding in the action.

The question to be determined is whether the relator was doing business in Yakima county in contemplation of Rem. Comp. Stat., § 206. This question is to be determined on the facts, as they appear in the affidavit filed on behalf of the relator and one filed on behalf of the plaintiff. From these affidavits, it appears that the relator is what is known as a general agent for the state of Washington for four separate insurance companies, and maintains offices in Spokane and Seattle in this state. That the relator, as such general agent, procured the appointment by the state insurance commissioner of James B. Harris & Company, a real estate, loan and insurance company doing business in Yakima, as the Yakima agent of those insurance companies, transmitting the licenses by correspondence, which contains the following statement:

"As its general agent in charge of its affairs in this field, we congratulate you and look forward to many profitable commitments thru your energetic representation."

In pursuance of the authority given them, James B. Harris & Company solicited insurance, securing a large number of applications in the companies for which it had been appointed agent, and also sent to the relator, as broker, applications for insurance which could not be handled by the companies for which relator was general agent. James B. Harris & Company was furnished blank applications by the relator. James B. Harris & Company would make out the written application for the relator, who either accepted or rejected the application. If it was accepted, the relator would issue the policy of insurance, countersigning it as gen-

eral agent, and forward it to James B. Harris & Company, who would deliver the policy to the insured and collect the premium. James B. Harris & Company maintained an open account with the relator, settling each month, collecting the insurance premiums from customers, deducting its commission, and sending the remainder to the relator, who received a commission on all of the business which was done through the office of Harris & Company. Relator furnished Harris & Company its letterheads, upon which appeared in printing, "James B. Harris & Co. Resident Agent."

It appears that the relator, in addition to being a general agent, was licensed as a broker. It is the contention of the relator that the licenses issued to Harris & Company to represent the insurance companies gave Harris & Company no authority to represent the relator; that, in procuring its licenses, the relator acted only as the agent of the insurance companies and not on its own behalf; and that Harris & Company, in procuring applications for insurance, acted only as agent of the insurance companies and not on behalf of the relator. It is probably true that the relator could not appoint sub-agents and could only accomplish that purpose by the means actually used.

Whether a corporation is doing business in a certain county, is always a graveling question of fact when it appears in this court for determination as to whether jurisdiction has been properly procured. It is extremely difficult to lay down hard and fast rules as to what, in all cases, will be construed as the transaction of business. So much is dependent upon the particular circumstances of the business engaged in by a corporation. Here we have the instance of a corporation formed for the purpose of carrying on an insurance business, and acting as a general agent of certain insurance companies, and also as broker. In

order to fulfill the purposes of this organization, it of necessity must secure applications for insurance and write policies upon those applications. The term "general agent" itself indicates that it must and is intended to operate through subsidiaries of some sort. The status of general agents is considerably broader than that of local, resident or special agents, implies a more extended area of operation, and indicates the purpose to receive applications from local, resident and special agents residing in different communities. 1 Joyce on Insurance, § 395 *et seq.*

Whether the relator was transacting business in Yakima county does not depend upon whether, in receiving the applications of the plaintiff in this action, that transaction took place in Yakima or King county, nor is it governed by the fact that the transaction involved in this suit was only one of brokerage, but does depend upon whether the relator had been in other matters transacting business in Yakima county. As has already been noticed, relator's business was essentially that of performing certain services for local agents of the insurance companies for which the relator was general agent throughout the state. This service was being performed in Yakima county to and through Harris & Company. Between the two companies a monthly account existed, and the transactions between the relator and Harris & Company were not mere casual ones, but were conducted in the same manner and for the same purpose as was the general business for which the relator was organized and which it was continuously transacting, and out of which the profits of the corporation must flow.

In *Hayworth v. McDonald,* 67 Wash. 496, 121 Pac. 984, this court held that a bond which gave rise to the cause of action was executed by the corporation for

use in Douglas county, and that such an act constituted the transaction of business in that county so as to authorize the action upon the bond there.

In *Strandall v. Alaska Lumber Co.*, 73 Wash. 67, 131 Pac. 211, it was held that, where a corporation sent an agent to another county, who there purchased lumber and caused the same to be shipped to other points, it was transacting business in such county.

In *State ex rel. American Sav. Bank & Trust Co. v. Superior Court,* 116 Wash. 122, 198 Pac. 744, it was held that a corporation was not transacting business in a county where the acts done in that county did not constitute its ordinary or customary business.

In the case at bar the acts done in Yakima county were acts in the ordinary and customary business of the relator. As stated in 12 R. C. L. § 49, the test is:

"Is the corporation engaged in the transaction of that kind of business, or any part thereof, for which it was created and organized? If so, it 'does business,' within the meaning of the constitutions and statutes."

This is the effect of the ruling of this court in the following cases: *Rich v. Chicago, Burlington & Quincy R. Co.,* 34 Wash. 14, 74 Pac. 1008; *Arrow Lumber & Shingle Co. v. Union Pac. R. Co.,* 53 Wash. 629, 102 Pac. 650; *State ex rel. Grays Harbor Commercial Co. v. Superior Court,* 118 Wash. 674, 204 Pac. 683; *Pacific Typesetting Co. v. International Typographical Union,* 125 Wash. 273, 216 Pac. 358, 32 A. L. R. 767; *State ex rel. Wells Lum. Co. v. Superior Court,* 113 Wash. 77, 193 Pac. 229; the last case being the one principally relied on by the relator.

Under the facts in this case, it appears sufficiently clear that the relator was transacting business in Yakima county to give the courts of that county jurisdiction over an action begun against it on the plaintiff's

complaint. For that reason, the application for the writ is denied.

Tolman, C. J., Fullerton, Parker, Main, Mitchell, Holcomb, and Askren, JJ., concur.