J. W. HULL PLUMBING & HEATING COMPANY v. GRAND LODGE OF THE INDEPENDENT ORDER OF ODD FELLOWS, ETC.

Western Section. November 1, 1929.

Petition for Certiorari denied by Supreme Court, February 1, 1930.

Neuhardt & Lamb, of Memphis, for appellant.
C. C. Ogilvie, of Memphis, for appellee.

HEISKELL, J. The complainants and defendants are Tennessee corporations. The defendant's principal office is in the City of Nashville. The complainant sued the defendant in the chancery court of Shelby County for the par value of certain second mortgage bonds issued by the defendant in the erection of a Medical Arts Building in Nashville, and given complainant as part payment for work done and materials furnished in said building. The said building was erected for the purpose of leasing, the income and profits from the same to be used by the defendant for charitable purposes.

Service of process was sought to be obtained upon the defendant Grand Lodge by service upon E. R. Threldkeld, Secretary of Chickasaw Lodge No. 8 in Memphis, a subordinate lodge of the Grand Lodge. This service is relied upon by the complainant as being valid service under Section 4542 of Shannon's Code, as follows:

"When a corporation, company or individual has an office or agency, or resident director, in any county other than that in which the chief officer or principal resides, the service of process may be made on any agent or clerk employed therein in all actions brought in such county, against said company growing out of the business of or connected with, said company or principal's business; but this section shall apply only to cases where the suit is brought in such counties in which such agency, resident director, or office is located."

It is admitted that Chickasaw Lodge is a subordinate lodge of the defendant Grand Lodge, and that it has a hall or meeting place where its business is transacted. Chickasaw Lodge works under the jurisdiction and supervision of the constitution filed as Exhibit "B" to Threldkeld's deposition, and E. R. Threldkeld, secretary of Chickasaw Lodge carries out the duties required of him in the said constitution.

Under the said constitution, it is the duty of Chickasaw Lodge and the Secretary thereof, to receive all money due the Lodge and to make a report to the Grand Lodge together with the percentage due thereon; to collect the initiation fees and assessments, and pay a per capita tax to the Grand Lodge for the Odd Fellows Home. It is the duty of Chickasaw Lodge to confer degrees, confer benefits, initiate and expel members for prescribed offenses. It is the

duty of the said subordinate lodge to file certain semi-annual reports and pay certain taxes to the Grand Lodge.

Defendant filed a plea in abatement setting up that it has no agency in Shelby County, Tennessee, and that it does not keep an office and does not do business in Shelby County. The Chancellor sustained the plea in abatement and dismissed complainant's bill. Complainant has appealed. The sole question presented is whether or not Chickasaw Lodge No. 8 is an agency of the defendant within the meaning of Code Section 4542 and whether this suit grows out or is connected with the business of defendant.

The Grand Lodge is a beneficent or charitable corporation under Code Section 2570-a. It issues charters to its subordinate lodges which are not incorporated, but which with the exception of the right to hold certain property derive their existence and power to act from the charter issued by the Grand Lodge. The relation of this very subordinate lodge to the Grand Lodge is set out in Heiskell v. Chickasaw Lodge No. 8, 87 Tenn., 684. It does not seem very apt to speak of the defendant as "doing business" but the statute in question applies to such charitable or benevolent institutions, and therefore, doing business as applied to such corporations means the carrying on of such activities as are required by the purposes of its existence. Exhibit "B" to the deposition of E. R. Threldkeld is a pamphlet published by authority of the Grand Lodge called constitution of the subordinate lodges I. O. O. F. of Tennessee. The preamble is this:

"For the purpose of effecting uniformity in the administration of the privileges, honors, and benefits of the order within this jurisdiction, the Grand Lodge of the State of Tennessee, of the Independent Order of Odd Fellows, ordains the following as the constitution of its subordinate lodges."

Then follows in detail the things required of the local lodges by the Grand Lodge—rules for lodge meetings, the election and appointment of officers, their duties, the fees and dues of the members, penalties for non-payment of dues, requirement that each member pay a per capita tax to the Grand Lodge, which tax must be collected by the subordinate lodge and remitted to the Grand Lodge. The subordinate lodge is also required to make reports to the Grand Lodge. Provision is made for benefits to members. There are many more directions, instructions and requirements, and other things authorized, all going to show how the Grand Lodge carries out the purposes for which it was organized through the subordinate lodges. The subordinate lodge is an instrumentality of the Grand Lodge, used in carrying out its purposes. Without the subordinate lodges the Grand Lodge could not carry on and carry out its benevolences, and in one respect at least the

subordinate lodge seems to be the active agent of the parent institution, it must collect and remit a per capita tax to the Grand Lodge for the Odd Fellows Home.

In considering this question as to the character of agency that makes it possible to sue a corporation in a jurisdiction other than that of its principal office, there is no distinction between a foreign and a domestic corporation. We are referred to authorities from other courts than ours. In K. of P. v. Withers, 177 U. S., 260, 20 Supreme Court Reporter, 612, the endowment rank was governed by a constitution and general laws enacted by the Supreme Lodge which issued a benefit or death certificate. Under the by-laws it was the duty of each member of the endowment rank to pay his dues to the secretary of the local branch or section, whose duty it was to remit said dues to the Board of Control immediately after the 10th of each month. It was further provided that the officers of each section were the agents of the members and not agents of the Supreme Lodge.

Withers, the plaintiff's intestate, was a member of an Alabama section. He paid his assessment in due course, but the secretary of the section failed to remit to the Supreme Lodge or Board of Control within the time provided by the constitution. Withers died before his dues were remitted to the Grand Lodge and when suit was brought, the Supreme Lodge defended on the theory that, consistent with the provision in the constitution, the secretary of the local section was the agent of Withers and not the agent of the Grand Lodge, and consequently the failure of the secretary to remit in season was Withers' loss.

The court held, however, that:

"The position of the secretary must be determined by his actual power and authority, and not by the name which the defendant chooses to give him. To invest him with the duties of an agent and to deny his agency, is a mere juggling of words. Defendants cannot play thus fast and loose with its own subordinates . . . It could not thus clothe the secretaries of the sections with the powers of agents by authorizing them to receive monthly payments, and instructing them to account for and remit them to the Supreme Lodge at Chicago, and in the same breath deny that they were agents at all. The very definition of an agent by Bouvier, as 'one who undertakes to transact some business or manage some affair, for another, by the authority and on account of the latter, and to render an account of it' presupposes that the acts done by the agent shall be done in the interest of the principal, and that he shall receive his instructions from him."

A local officer of a beneficial association who is required by the by-laws of the association to collect dues, from the members, is the agent of the association or Grand Lodge in doing what its by-laws require him to do as between the members and the associa-tion, and service of process on such association may be obtained by service upon an officer of such subordinate lodge. Supreme Tribe of Ben Hur v. Hall, 24 Ind. App., 316; Trotter v. Grand Lodge of the Legion of Honor, 132 Iowa, 513; Fraternal Aid Association v. Powers, 67 Kan., 420.

While it is true that in all the above cases the action was brought upon a certificate of insurance, the principle involved is the same.

In B. K. Bruce Lodge No. 8171, Grand United Order of Odd Fellows v. Sub-committee of Management of the Grand Lodge of I. O. O. F. in America, 203 N. Y. S., 149, the facts are as follows:

The plaintiff was a subordinate lodge of the Grand Order of Odd Fellows in America, and was located in New York. The defendant Sub-committee was a foreign corporation organized un-der the laws of Pennsylvania. The plaintiff was expelled from the order and brought suit to have its rights restored. Service of process was obtained upon the district grand master of District Grand Lodge No. 2, which was the supreme governing body in the State of New York. It was the duty of the District Grand Lodge No. 2 to enforce the policies, decrees, and orders incidental to its management and collect dues from the subordinate lodges and remit them to the Sub-committee in Pennsylvania.

It was held that the Sub-committee of Management of the Grand Lodge was doing business in New York, through District Grand Lodge No. 2, and that said Lodge No. 2 was its agent, and serv-ice of process upon the District Grand Master of Lodge No. 2 was valid service upon the Sub-committee of Management. The court said:

"A national fraternal society's Sub-committee of Manage-ment, incorporated in another State, which enforced its pol-icies, decrees and orders incidental to its management, and collected its dues through the State Lodge, transacted business within this State so that service of process could be made on its resident officer."

In State v. Knights of K. K. K., 117 Kansas, 564, the facts were these:

The defendant was a corporation organized under the laws of Georgia. The court found it to be a patriotic, secret and benev-olent order. Its charter allowed it to organize subordinate branch-es in the different states, called conclaves. It gave the corporation power to issue decrees, confer fraternal and secret obligations, signs, etc., upon the individual members of the branch lodges, to

pass a constitution and by-laws for the governing of the different conclaves. The constitution provided for the payment of initiation fees and dues and for the sale and payment of paraphernalia to the members. All this was done by the local branches and remitted to the main office at Atlanta, Georgia.

It was held that the Grand Order was doing business in the State of Kansas. Quoting Lumber Co. v. State Charter Board, 107 Kan., 153, the court said:

"The general holding of the courts is that the doing of business is the exercise of some of the functions, and the carrying on of the ordinary business for which the company is organized."

The court further held that universally "doing business" has reference to charitable or non-profit corporations the same as to commercial corporations. The statutes and spirit of the statutes draw no distinction.

The test is whether the corporation is engaged in transacting that kind of business or any part thereof, for which it was created and organized. State v. S. C. of Yakima County, 136 Wash., 653.

In Naill v. N. Com. Travelers of America, 103 Okla., 179, the rule is stated thus:

"Where an association is incorporated under the laws of another state and one of its objects is 'to establish funds to indemnify its members for disability or death resulting from accidental means, establishes branches or councils in this State, and such subordinate councils pass upon the physical as well as moral eligibility of all applicants for membership, initiates new members, receives from them the initiation fee' forwards fifty per centum thereof to the home office in another state and retains fifty per centum for subordinate council, such association is "doing business" in this State."

The case of C. & H. R. R. Co. v. Walker, 9 Lea, 478, cited in brief for defendant, has no application because in that case the agent did not even reside in Hamilton County where the suit was brought.

It cannot be said that the business conducted by the agency or instrumentality must be the very same as that out of which the suit arises. This is a suit on bonds given in payment for work on the Medical Arts Building erected by the Grand Lodge in Nashville. It canot be urged that the subordinate agency or instrumentality was not directly representing the Grand Lodge in erecting this building and therefore the service of process is not effective as against the Grand Lodge. We take it that if the Ford Company at Detroit became indebted to a resident of Memphis, a suit could be brought in Memphis and process served on one of

362

the Ford agencies in Memphis. It would not be an answer to say the suit grows out of material furnished on work done in building cars in Detroit and that the Memphis agency is not connected with the act of building cars in Detroit but is only engaged in selling them in Memphis. The fact remains that the Ford Company of Detroit has an agency in Shelby County. There are no doubt manufacturing concerns in Nashville and other cities of the State that have agencies in Memphis for the sole purpose of selling their products. Certainly service could be had on the agency on an obligation growing out of the manufacture. Suppose the Bemis Bag Company had an agency to sell its manufactured products in Knoxville, certainly in a suit by a resident of Knox County growing out of the manufacturing business in Jackson, service could be had on the Knoxville agency. These illustrations are stronger than the present case because here the Grand Lodge at Nashville is not engaged in the construction of buildings. The erection of one building was in pursuance of its general purpose as a benevolent institution, the same purpose or business, in the carrying out or carrying on of which the subordinate lodge is an instrumentality, an instrumentality or agency in carrying on the only business in which the Grand Lodge is engaged.

If the corporation is engaged in carrying on in the jurisdiction where sued any part of the business for which it was created and organized or is exercising some of the functions which are the purpose of its being, then there exists an agency upon which service of process may be had. State v. S. C. of Yakima County, 136 Wash., 653; State v. Knights of K. K. K., 117 Kansas, 564.

It was error in the court below to sustain the plea in abatement and dismiss the complainant's bill. The assignment of error is sustained, the decree is reversed and the cause remanded for further proceedings. The defendant will pay the costs of the appeal.

Owen and Senter, JJ., concur.