[No. 6702.   Decided September 18, 1907.]

IRVING M. BALLARD *et al.*, *Appellants*, v. SARAH SLYFIELD *et al.*, *Respondents.*[1]

HUSBAND AND WIFE—COMMUNITY PROPERTY—WIFE'S SEPARATE PROPERTY—EVIDENCE—SUFFICIENCY. Findings to the effect that certain real estate was separate property of the wife are sustained by the evidence, where it appears that it was purchased in 1875, largely with funds inherited by the wife, and the husband declared that any community property used in its purchase was intended as a gift to the wife, so that the property could be held by her separately; that the wife twice mortgaged the property, finally conveyed it receiving the full consideration, did not include it in her inventory of her husband's estate, and her acts for twenty-five years since her husband's death were inconsistent with any community claim, and no action was begun by the children to recover an interest until more than six years after the youngest attained majority.

Appeal from a judgment of the superior court for King county, Morris, J., entered November 12, 1906, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*F. A. Gilman*, for appellants, contended, among other things, that to deprive the property of its community character, the evidence must be clear and convincing. *Rowe v. Whatcom County R. & L. Co.*, 44 Wash. 658, 87 Pac. 921; *Weymouth v. Sawtelle*, 14 Wash. 32, 44 Pac. 109; *Coats v. Elliott*, 23 Tex. 606; *DeSentmanat v. Soule*, 33 La. Ann. 609. The name of the spouse in whom the title stands is of no moment in deciding its character. *Yesler v. Hochstettler*, 4 Wash. 349, 30 Pac. 398; *Mabie v. Whittaker*, 10 Wash. 656,

[1] Reported in 91 Pac. 642.

39 Pac. 172; *Schmeltz v. Garey*, 49 Tex. 49. The defendants were not *bona fide* purchasers. *Adams v. Black*, 6 Wash. 528, 33 Pac. 1074; *McComb v. Spangler*, 71 Cal. 418, 12 Pac. 347; *Holyoke v. Jackson*, 3 Wash. Ter. 235, 3 Pac. 841. It was the duty of the surviving spouse as administrator to pay the taxes and preserve the property pending administration. *Noble v. Whitten*, 38 Wash. 262, 80 Pac. 451; *Ryan v. Ferguson*, 3 Wash. 356, 28 Pac. 910; *Lawrence v. Bellingham Bay etc. R. Co.*, 4 Wash. 664, 30 Pac. 1099; *Tucker v. Brown*, 9 Wash. 357, 37 Pac. 456; *Hill v. Young*, 7 Wash. 33, 34 Pac. 144; *Gibson v. Slater*, 42 Wash. 347, 84 Pac. 648. Her possession was not adverse or hostile to the children and family. *Taylor v. Taylor* (Tex. Civ. App.), 26 S. W. 889; *Griffin v. Waters*, 1 Rob. (La.) 149; *Clemons v. Clemons* (Tex. Civ. App.), 45 S. W. 199; *Port Townsend v. Lewis*, 34 Wash. 413, 75 Pac. 982; *Blake v. Shriver*, 27 Wash. 593, 68 Pac. 330; *Bellingham Bay Land Co. v. Dibble*, 4 Wash. 764, 31 Pac. 30.

*Harold Preston* and *Hastings & Stedman*, for respondents, contended, *inter alia*, that when a conveyance is made to a wife, the presumption that it is community property is not as strong as when conveyed to the husband. *Read v. Rahm*, 65 Cal. 343, 4 Pac. 111; *Higgins v. Johnson*, 20 Tex. 389, 70 Am. Dec. 394; *Peck v. Vandenberg*, 30 Cal. 11. There was sufficient evidence to establish the intent that the wife should take the property as separate property. *Sackman v. Thomas*, 24 Wash. 660, 64 Pac. 819; *Peck v. Brummagim*, 31 Cal. 441; *Ingersoll v. Truebody*, 40 Cal. 603; *Higgins v. Higgins*, 46 Cal. 259; *Jackson v. Torrence*, 83 Cal. 521, 23 Pac. 695; *Flournoy v. Flournoy*, 86 Cal. 286, 24 Pac. 1012, 21 Am. St. 39; *Wright v. Wright* (Cal.), 41 Pac. 695; *Hamilton v. Hubbard*, 134 Cal. 603, 65 Pac. 321, 66 Pac. 860; *Hoeck v. Greif*, 142 Cal. 119, 75 Pac. 670; *Smith v. Boquet*, 27 Texas 507; *Peters v. Clements*, 46 Tex. 114; *Baldridge v. Scott*, 48 Tex. 178; *Baker v. Baker*, 55 Tex. 577.

RUDKIN, J.—Irving Ballard and Lucinda M. Ballard inter-
married on the 20th day of December, 1870, and continued
to reside together as husband and wife until the death of the
husband, in the city of Seattle, on December 30th, 1880. On
the 15th day of April, 1875, Edward A. Thorndyke and wife
conveyed the property now in controversy to Lucinda M.
Ballard, the wife of Irving Ballard. The present action was
instituted on the 30th day of January, 1906, by the heirs at
law of Irving Ballard, deceased, against the grantees of
Lucinda M. Ballard, to quiet title to an undivided one-half
interest in the property, and to recover the rents and profits
for the six years next preceding commencement of the action.
The defendants had judgment below and the plaintiffs ap-
peal.

The court found, among other things:

"That the consideration of said conveyance was the sum
of nine hundred dollars then and there paid to the grantors
therein by the said Irving and Lucinda M. Ballard. That said
sum of nine hundred dollars was made up, either wholly or
in large part, of money which was then and there the separate
property of the said Lucinda M. Ballard, and which she had
previously received as an inheritance from the estate of her
maternal grandfather; and the remainder, if any, of said
sum was paid out of the community funds of the said Irving
and Lucinda M. Ballard. That at the time of said convey-
ance it was the intention of both the said Irving Ballard and
the said Lucinda M. Ballard, then expressed, that the convey-
ance should operate to vest the title to said property in the
said Lucinda M. Ballard as her sole and separate estate, and
if any part of the purchase price therefor was paid out of
community funds it was then and there the intention of the
said Irving Ballard to make a gift thereof to his said wife,
and to make a gift to her of said property so far as any part
of the consideration therefor may have been contributed out
of the community funds, and the deed was made to run to the
said Lucinda M. Ballard by the express direction, at the time,
of the said Irving Ballard, and said conveyance then and
there operated to vest the title to said property in the said
Lucinda M. Ballard as her sole and separate estate, and the

title to said property remained thereafter unchanged until the conveyance thereafter to the defendant Sarah Slyfield hereinafter referred to; and thereafter, during his lifetime, the said Irving Ballard regarded, considered and declared said property to be the separate property of his said wife, and at the time of the death of said Irving Ballard he had no right, title or interest in or to, or made any claim, to said property or any part thereof; so that, upon his death, no interest therein passed to the plaintiffs or either of them, nor have the plaintiffs or either of them ever had any interest therein."

This finding of course supports the judgment of dismissal, but the appellants earnestly insist that it is not supported by the testimony. The law governing this class of cases is well settled in all the community property states. Property acquired by purchase during the marriage is presumed to be community property, and the burden rests upon the spouse asserting its separate character to establish his or her claim by clear and satisfactory proof. The difficulties of obtaining proof under the circumstances disclosed by this record are apparent. The property was acquired thirty years before the adverse claim was asserted, one of the parties to the transaction is dead and the other is an adverse witness. The testimony of the surviving wife is of little importance, consisting largely as it does of a disclaimer of knowledge or recollection of either law or facts. But, in so far as it may tend to support the claim of the appellants, it is utterly inconsistent with the acts and conduct of the witness covering the period of twenty-five years since her husband's death. Soon after his decease, she filed a petition for letters of administration on his estate, purporting to contain a list or statement of all his property, but no mention was made of the property in dispute. The same is true of the verified inventory filed. She twice mortgaged the property for her own benefit, and finally conveyed it by warranty deed, receiving the full consideration therefor. The conduct of the appellants was equally inconsistent. No claim against the property was asserted by any or either of

them until six years after the property had passed into the hands of strangers. At the time of the assertion of this claim, the eldest child was thirty-two years of age, or eleven years beyond his majority, and the youngest, a daughter, twenty-four years of age, or six years beyond her majority. When we take into consideration the acts and conduct of the widow and children during all these years, the declarations made by the husband in his lifetime, and all the facts and circumstances in the case, we think the court was fully warranted in making the above finding, and its judgment is accordingly affirmed.

HADLEY, C. J., CROW, FULLERTON, and MOUNT, JJ., concur.