[No. 7901. Department One. September 25, 1909.]

## Victor W. S. Denny, *Respondent*, v. Sigmund Schwabacher, *Appellant*.[1]

HUSBAND AND WIFE — COMMUNITY PROPERTY—PRESUMPTION—DEGREE OF EVIDENCE. The presumption that property acquired by purchase by the wife during marriage is community property can only be overcome by clear and satisfactory evidence.

TRUSTS — GIFTS—HUSBAND AND WIFE—PRESUMPTIONS—EVIDENCE. The presumption that property paid for from a wife's separate estate and deeded to the husband is a gift, can only be overcome by clear, cogent and convincing evidence establishing the trust relation.

HUSBAND AND WIFE—COMMUNITY PROPERTY—TRUSTS—GIFTS—PRESUMPTION—EVIDENCE TO OVERCOME. Real estate, conveyed to the husband, is sufficiently shown to be the separate property of the wife and held in trust for her, so that it would not be subject to a subsequent judgment recovered against the husband, where it appears that, at the time the property was purchased, the wife was possessed of separate real and personal property of considerable value, that she paid for the property by giving her personal check and satisfying a loan she had made derived from her separate estate, and from the same source paid for improvements on the property, and the husband admitted the trusteeship, no credit was given him by virtue of his holding the title, and the property was conveyed before execution sale.

WITNESSES—TRANSACTION WITH PERSON SINCE DECEASED—INTEREST OF WIFE. A wife is competent to testify as to the trust relation that had existed between herself and her deceased husband, as to property since conveyed by her, where she files a disclaimer of any interest, notwithstanding the allegation of the objecting party that she was interested in the property.

QUIETING TITLE—LIMITATION OF ACTIONS—EXECUTION SALE—TITLE HELD IN TRUST. An action to quiet title against an execution sale, under a revived judgment recovered twelve years previously against the holder of the record title, is not barred by the statute of limitations, where it appears that the judgment debtor held the title only as a trustee for another, and acknowledged and executed the trust three years prior to execution sale, and that the plaintiff had been in possession ever since the execution of the trust and commenced action the year after the execution sale.

[1] Reported in 104 Pac. 137.

Appeal from a judgment of the superior court for King county, Morris, J., entered October 10, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Harold Preston* and *G. Ward Kemp*, for appellant.

*William Martin* and *John B. Denny*, for respondent.

Gose, J.—This action, instituted by the respondent July 1, 1907, to obtain a decree declaring him to be the owner in fee of the property in controversy and to quiet his title, terminated in a decree in his favor on October 10, 1908, from which this appeal is prosecuted. The complaint alleged, that the respondent was, and since July 16, 1903, had been, the owner and in the possession of the property; that the appellant Schwabacher claimed an interest therein adverse to the respondent, under an execution sale upon a judgment against D. T. Denny and D. Thomas Denny; that neither of the judgment defendants at any time owned any interest in the property, but that the same became the separate property of Louisa Denny, wife of D. T. Denny, on October 5, 1889, in virtue of a purchase of the same by her and a conveyance of the legal title to her husband D. T. Denny, who held the legal title for her until July 16, 1903, at which date they conveyed it to the respondent.

The answer denied the respondent's ownership, and alleged affirmatively that the property was acquired as the community property of D. T. Denny and his wife, Louisa Denny; that the appellant Schwabacher acquired title as a purchaser at an execution sale upon a judgment in his favor against D. T. Denny and D. Thomas Denny, theretofore entered upon a community indebtedness of D. T. Denny and his wife, Louisa Denny; that the respondent's right to maintain the action was barred by the statute of limitations and by his laches. Louisa Denny was made a cross-defendant, under an allegation in the answer and cross-complaint that she claimed an interest in the property. The reply joined issue

on the new matter in the answer. Louisa Denny before the trial answered, disclaiming any interest in the property, and alleging that on the 16th day of July, 1903, she conveyed the same to the respondent by a deed of gift. Upon the issues thus joined, the case was tried to the court.

It is admitted that D. T. Denny and Louisa Denny were husband and wife on October 5, 1889, and that on that date the property was conveyed to D. T. Denny, and that the legal title remained in his name of record until July 16, 1903, when it was conveyed to the respondent by D. T. Denny and his wife Louisa, by a deed which was filed for record on November 20 following.

The principal question to be determined is, whether the property was purchased with the separate funds of Louisa Denny and conveyed to D. T. Denny in trust for her. If it was so purchased and conveyed, respondent's title is complete, unless a determination in his favor is precluded by the statute of limitations or his laches. If it was not so purchased and conveyed, the appellant Schwabacher acquired title as the purchaser at the execution sale. A brief review of the evidence, therefore, becomes incumbent in order to determine this question.

The evidence shows conclusively, that D. T. Denny died November 25, 1903; that in 1896 the appellant Schwabacher recovered a judgment against D. T. Denny and D. Thomas Denny, which was renewed in 1902; that in 1906 all the right, title and interest in the property, owned by D. T. Denny on May 8, 1902, was purchased by the appellant Schwabacher at a sale made upon an execution issued upon the judgment; that the sale was confirmed; that D. T. Denny and Louisa Denny, in consideration of love and affection, conveyed whatever interest they had in the property to the respondent, their son, on July 16, 1903, and that he has since been in possession thereof; that the deed of conveyance was filed for record on November 20 following; that before the execution sale, the respondent caused a notice to be served on the attorneys for the

appellant Schwabacher, and upon the sheriff, notifying them that D. T. Denny owned no interest in the property, and that he caused public notice to that effect to be given at the sale.

There are two applicable fundamental principles of law in the instant case: (1) Property acquired by purchase during marriage is presumed to be community property, and the burden rests upon the spouse asserting its separate character to establish his or her claim by clear and satisfactory evidence. *Ballard v. Slyfield,* 47 Wash. 174, 91 Pac. 642. (2) Where the consideration for a conveyance of property is paid from the separate funds of one spouse and the property is conveyed to the other, a presumption of a gift rather than a trust arises, and this presumption can only be overthrown and the trust relation established by evidence that *is* clear, cogent, and convincing. Pomeroy, Eq. Jur., § 1041.

Applying these rules to the evidence, we have no difficulty in reaching the conclusion that the property was purchased at the instance of Louisa Denny, paid for by her from the proceeds of her separate property, and conveyed to D. T. Denny in trust for her. The evidence shows that, in 1866, a patent was issued by the United States, conveying to D. T. Denny the east half, and to Louisa Denny the west half, of a three hundred and twenty-acre donation claim; that at the time of the purchase of the property in controversy, the land of the latter had become valuable, and that she had separate property of great value; that she wanted the property involved in this suit for a family burial ground; that one of her daughters had recently died; that she purchased the property from her son-in-law and daughter, and paid them therefor the sum of $800, $600 of which was paid by her personal check, and $300 was paid by her satisfying a loan of that amount which she had made the grantors a few months before. This money was derived from the sale of a part of her donation claim, which was admittedly her separate property. The evidence further shows that she paid for certain work done in clearing a part of the property, from her separate money;

and that D. T. Denny, prior to his death, stated to his son and a daughter that their mother owned the property; that prior to the purchase of the property, he stated to his son-in-law, the then owner of the property, that his wife wanted to purchase it.

The appellant argues that, eighteen years having elapsed between the date of the purchase and the trial, the memory of interested witnesses as to the nature of the transaction should not be permitted to overthrow the presumption arising from the deed, and that the evidence of the witnesses, near relations of the respondent, bears the earmarks of consultation, preparation, and even collusion. Answering the first proposition, it is true that such evidence will be carefully scrutinized, and it is also true that ordinarily statements and conversations, resting in memory only, as to ancient transactions are not of great probative force. But in the instant case, it is clear that the mother's desire to procure the property in controversy as a place for the interment of the remains of the members of her family was so great as to fix the transaction indelibly in her memory. It appears from the evidence that the children had for years used this property as a resort for camping and frequent daily outings, that they had become much attached to it, and that from these associations there arose in her a fixed purpose to procure the property and devote it to the use stated. As to the question of preparation, consultation, and collusion, a careful reading of the evidence has convinced us of the candor, veracity, and credibility of the several witnesses.

It is further argued that certain exhibits in the record disclose that it was the habit of Louisa Denny to keep her separate property in her own name, and convey it without her husband joining. We have examined the exhibits in connection with the other evidence, but do not regard the inference to be drawn therefrom of sufficient strength to qualify the view we have expressed. A more extensive review of the evidence would serve no useful purpose.

The appellant urges that Louisa Denny was disqualified from testifying, under the provisions of our code, Bal. Code, § 5991 (P. C. § 937).. When she filed her disclaimer she was no longer a party to the action. The appellant could not, against her sworn disclaimer, disqualify her by an averment in the cross-complaint that she claimed an interest in the property. *Sackman v. Thomas*, 24 Wash. 660, 64 Pac. 819.

It is finally contended that the respondent's cause of action is barred by the statute of limitations and by his laches. The authorities cited do not, in our opinion, even tend to support either view. We have seen, that the property was conveyed to the respondent before the execution sale; that the trustee acknowledged and executed the trust before his death, and that the respondent, since he acquired title, has been in possession of the property. There is no evidence that any credit was given, to D. T. Denny relying upon his supposed ownership of the property, nor is there any evidence that the latter ever asserted title; but upon the contrary, as we have seen, he admitted his trusteeship. The indebtedness upon which the judgment was entered arose in March, 1893, at which time D. T. Denny was reputed a wealthy man.

From what we have said, it follows that the decree should be affirmed, and it is so ordered.

Rudkin, C. J., Fullerton, and Chadwick, JJ., concur.

Morris, J., took no part.