[No. 8083. Department Two. September 29, 1909.]

LYDIA R. ADLEY *et al.*, *Appellants*, v. EDWARD PLETCHER, *Administrator etc.*, *Respondent*.[1]

TRUSTS—RESULTING TRUST—GIFT—ADVANCEMENT—EVIDENCE—SUFFICIENCY. It appears that property purchased by a parent in the name of her daughter, with whom she lived, was intended as a gift or advancement to the daughter, without any trust, except during the lifetime of the owner, where it appears that after her daughter's death, she procured her daughter's husband to execute a quitclaim deed to her daughter's daughter, and was satisfied, although he inserted a condition in the deed not desired by her.

SAME—PRESUMPTIONS. The purchase of property by a parent in the name of a child raises a presumption of a gift, and rebuts the presumption of a resulting trust.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered February 16, 1909, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to declare a trust in real property. Affirmed.

*Samuel R. Stern*, for appellants.

*Swanson & Ripley*, for respondent.

[1]Reported in 104 Pac. 167.

Mount, J.—This action was brought by the appellants to have certain real estate in Spokane county, claimed by the respondent, declared to be trust property for the benefit of appellants. The cause was tried to the court without a jury. The court found that the property described was a gift from Mrs. R. M. Eaton to her daughter Mary Pletcher, was not held in trust, and for that reason dismissed the action. The plaintiffs appeal, and allege that the court erred in not finding that the property was held by Mary Pletcher during her lifetime and thereafter by her daughter Laura E. Pletcher during her lifetime, in trust for Mrs. R. M. Eaton and her heirs.

The facts are as follows: Mrs. R. M. Eaton was the mother of the appellants and also of Mary Pletcher. The latter was married to respondent, Edward Pletcher, in the year 1885, in the territory of Dakota. A child, Laura E. Pletcher, was born to Mary Pletcher and her husband. Prior to the birth of this child, Mr. and Mrs. Pletcher separated but were never divorced. Two or three years after the marriage, Mrs. Pletcher and her mother, Mrs. R. M. Eaton, were living together in Dakota. They left there and came to Spokane in this state, where they continued to live together. Mrs. Eaton owned a farm in Dakota. The title of this farm stood in the name of her daughter Mrs. Pletcher, for the reason, as stated by Mrs. Eaton, that if anything happened to her Mrs. Pletcher would have the property. After coming to Spokane, the farm in Dakota was sold, and a house and lot was purchased in the city of Spokane from the proceeds of the sale of the Dakota farm. This house and lot is the property in controversy in this action. The title thereto was taken in the name of Mrs. Pletcher. Mr. Pletcher remained in Dakota and contributed nothing to the support of his wife and daughter, though they communicated back and forth. Mary Pletcher died intestate on March 21, 1907. Thereafter her mother, Mrs. Eaton, expressed regret that she had not taken the title of the house and lot in her own

name and disposed of the same by will.  She desired the property to go to her granddaughter, Laura E. Pletcher, and that her father should have no interest in it.

After the death of Mrs. Pletcher, Mrs. Eaton and her granddaughter, Laura E. Pletcher, requested Mr. Pletcher to make a quitclaim deed of his interest in the property to his daughter, Laura E. Pletcher, and a form of deed was sent to him for that purpose.  He executed the deed, but inserted therein this provision: "In the event that said grantee shall leave a child or children, then such child or children shall inherit all of said premises."  Mrs. Eaton was satisfied with this deed, and it was placed of record in Spokane county on September 26, 1907.  Thereafter Laura E. Pletcher collected the rent for the property.  Mrs. R. M. Eaton died intestate on January 5, 1908, and Laura E. Pletcher died intestate on February 12, 1908.  Subsequently Mr. Pletcher came to this state and was appointed administrator of his daughter's estate and took possession of the property, and this action followed.

A careful reading of the evidence in this case convinces us that, if there was any trust at all, it was one in favor of Mrs. Eaton only during her lifetime, for it clearly appears, from both her words and her acts, that she intended that her daughter Mrs. Pletcher should have the property after her death, and when her daughter died first it then appears that she wanted her granddaughter Laura to have the property. She was active in procuring a quitclaim deed from Mr. Pletcher to his daughter, and when this quitclaim deed was executed with the condition which she at least did not desire, after reflection she was satisfied with the condition and so expressed herself.  This seems to be conclusive of her intention that the property was not held in trust for her, but was a gift or advancement to her daughter and subsequently to her granddaughter.  The rule is stated in Perry on Trusts, Vol. 1 (4th ed.), page 168, as follows:

"If a purchaser of an estate pays the consideration money and takes the title in the name of a stranger, the presump-

tion is that he intended some benefit for himself, and a resulting trust arises for him; but if the purchaser takes the conveyance in the name of a wife or child, or the person, for whom he is under some natural, moral or legal obligation to provide, the presumption of a resulting trust is rebutted and the contrary presumption arises, that the purchase and conveyance were intended to be regarded *prima facie* as a settlement upon the nominal purchaser, grantee; and if the payer of the money claims a resulting trust he must rebut this presumption by proper evidence."

And in 15 Am. & Eng. Ency. Law (2d ed.), p. 1161, as follows:

"Where a purchase is made in the name of a child, and the purchase money is paid by the parent, the presumption arises that the purchase was intended as an advancement to the child and rebuts the presumption of a resulting trust to the parent."

And on page 1163 of the same volume:

"A purchase by a mother who takes title in her child's name has been held in England not to give rise to the presumption of an advancement, but the contrary rule seems to obtain in the United States."

We are satisfied that, under the rule of law stated and under the facts shown, the trial court was right in his conclusion. The judgment is therefore affirmed.

RUDKIN, C. J., PARKER, DUNBAR, and CROW, JJ., concur.