[No. 20661. Department One. October 14, 1927.]

## In the Matter of the Estate of PAUL SCHELDRUP HAMMER, Deceased.[1]

[1] TRUSTS (13, 19)—RESULTING TRUST—CREATION—EVIDENCE—SUFFICIENCY. A resulting trust is created where it appears by clear, cogent, and convincing evidence and the *cestui que trust* furnished the consideration for the purchase of property, taken in the name of her son, who was settling up a matter for her.

[2] GIFTS (8)—TRUST (17-1)—EVIDENCE—PRESUMPTIONS. The presumption that a deed to property, taken by a parent in the name of her son was intended as a gift, and did not create a resulting trust, is overcome by proof that the consideration was furnished by the parent from an estate which the son was handling for her, she occupied part of the property claiming it, and the son frequently admitted that it belonged to her.

[3] NEW TRIAL (35)—NEWLY DISCOVERED EVIDENCE—DILIGENCE. A new trial for newly discovered evidence is properly denied, where the new evidence was matter of official record regarding family history, presumably familiar to the parties, who showed no diligence in discovering and producing it.

[4] APPEAL (388)—PARTIES ENTITLED TO ALLEGE ERROR—RESPONDENTS. The respondent, having taken no cross-appeal, cannot allege error in the judgment in allowing part of appellant's claim.

Appeal from a judgment of the superior court for Pierce county, Remann, J., entered October 14, 1927, upon findings in favor of a claimant to part of an estate, after a trial on the merits in probate. Affirmed.

*J. H. Gordon* and *A. D. Tollefson,* for appellant.

*Emil N. Sternberg,* for respondent.

MITCHELL, J.—Upon the death of Paul S. Hammer, intestate, in Pierce county, his surviving wife, Edna M. Hammer, was appointed and qualified as administratrix of the estate. She filed an appraised inventory, including certain real property standing in his name.

[1]Reported in 260 Pac. 532.

She then presented a petition to have certain of the real property set over to her as exempt and in lieu of a homestead. Anna J. Hammer, the mother of the decedent, appeared, contesting the petition and alleging that she was the real owner of the real property, and that it had been held in trust for her by her son Paul. Upon the trial, findings and judgment were entered in favor of the mother, subject, however, to the right of the surviving wife Edna in the sum of eight hundred dollars paid by the decedent out of his own funds on the purchase price of the property. Edna M. Hammer has appealed.

[1] The evidence in this case, using the language of the authorities, is clear, cogent and convincing that, other than the eight hundred dollars mentioned, the respondent furnished the consideration for the purchase of the real property. This created a resulting trust, he holding the legal title to the property and she being the real owner to the extent that she had furnished the consideration. *Farrell v. Mentzer,* 102 Wash. 629, 174 Pac. 482; 26 R. C. L., Trusts § 73, p. 1227; 3 Pomeroy, Equity Jurisprudence (4th ed.), § 1037.

[2] It is argued on behalf of the appellant, however, that to this rule of resulting trust there is an exception which is as well defined as the rule itself, viz: that, where property is purchased in the name of a child by a parent, the presumption of a gift arises and rebuts and overcomes the presumption of resulting trust. The case of *Adley v. Pletcher,* 55 Wash. 82, 104 Pac. 167, is relied on by counsel. But in that case the court found upon the evidence, much of which is set out in the opinion, that the parent who furnished the consideration intended as a matter of fact to make a gift of the property purchased. This presumption relied on by appellants is one of fact. One of the au-

thorities furnished us by counsel for appellant upon the oral argument, namely, 1 Perry on Trusts (6th ed.), § 145, says:

"The general principle is, that a purchase by the parent, in the name of a child is presumed to be an advancement, and not a trust. This presumption is one of fact, and may be rebutted by evidence or circumstances. . . ."

Or, as stated in § 143, 1 Perry on Trusts (6th ed.), quoting another authority, "*Thus the question is resolved into one of intent.*" *Walston v. Smith*, 70 Vt. 19, 39 Atl. 252.

In the present case, there is no direct proof that the parent intended to make any advancement or gift to the son. On the contrary, it convincingly appears that the consideration for the property involved was inherited by the respondent from the estate of her bachelor son, Magne Hammer. When Magne died, the mother, rather old and feeble at the time, requested her son Paul to come from his residence in another state and look after Magne's estate for her. He did so, and it was out of that estate, all of which belonged to the mother (the respondent), that the consideration was derived for the purchase of the property in question. Paul was sickly while attending to the business for her, and although she may have been careless or at least lenient in not exacting accountings from him or supervising his management of her interests, there is no direct evidence that she meant to advance or give him any of this property that he purchased with her means. On the contrary, she occupied a part of the property without any claim or pretense on the part of anyone that she should pay for it, and at other times she received rentals paid by other parties who occupied the property or parts of it; and to intimate social and business friends, wholly disinterested witnesses, Paul

stated that the property was not his, that it belonged to his mother. The presumption of fact that the property was an advancement or gift from the respondent because the title was taken in the name of her son, was clearly overcome by the evidence.

[3] The denial of appellant's motion for a new trial is assigned as error. Its distinctive feature is newly discovered evidence. The motion was filed after and on the same day that the findings and judgment were entered. Two days later, affidavits were sworn to, one by the appellant and the other by her attorney. The evidence claimed to have been newly discovered related to a portion of the plain, common, family history of the respondent, and information alleged to have been discovered by an examination of court records in that county. We find nothing new in the testimony given at the trial to suggest the necessity for attempting to discover this so-called newly discovered evidence. The statute, subd. 4, § 399, Rem. Comp. Stat., [P. C. § 8225], provides for

" . . . newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial."

Waiving, without deciding, the question of the materiality of the evidence, under the issues or at all, reasonable diligence was not shown. As to the matter of the family history of the respondent, the record shows that the appellant married Paul more than six years before the trial of this case, during which time she was in constant association with respondent and other members of the family, making her home a part of the time on a small tract of land involved in this action on which respondent lived, and at all other times having her home in the community of respondent's residence. It does not appear that they were not on

agreeable terms. As to the information received from an examination of public records, this court follows the general rule mentioned in *Starwich v. Ernst,* 100 Wash. 198, 170 Pac. 584, where we said:

"It is generally held that the discovery of a public record material to the prosecution or defense of a cause is not within the rule of newly discovered evidence which warrants the granting of a new trial. Such matters are at all times within the reach of the complaining party, and it is because of a lack of diligence if he fails to discover them."

[4] As we understand respondent's brief, reversal is asked as to the eight hundred dollars allowed the appellant by the judgment. That question cannot be gone into here because the respondent has not appealed.

Affirmed.

MACKINTOSH, C. J., PARKER, TOLMAN, and FRENCH, JJ., concur.