[No. 21663.   Department Two.   February 28, 1929.]

GOODBAR JONES et al., *Respondents*, v. JOHN P. DUKE
et al., *Appellants*.[1]

*Mark M. Litchman,* for appellants.

*F. W. Loomis* and *M. S. Raichle,* for respondents.

FRENCH, J.—Goodbar Jones and Mable Kennedy Jones are, and at all times herein mentioned were, husband and wife. In 1928 a judgment was entered in the superior court of Grays Harbor county against Mable Kennedy Jones and in favor of John P. Duke, as supervisor of banking, the purpose of that action being to recover certain assessments due because of stockholders' liability, Mable Kennedy Jones having owned stock in the defunct Scandinavian American Bank at the time of its failure. This judgment was, by its terms, a separate judgment against Mable Kennedy Jones, neither Goodbar Jones, the husband, nor the community, being liable therefor. Execution was thereafter issued and a Ford car seized. Goodbar

[1]Reported in 275 Pac. 72.

Jones and the community intervened by appropriate proceedings, issues were joined, and the sole question involved in this appeal is whether or not the Ford car was the separate property of Mable Kennedy Jones, or the property of the community.

The facts briefly stated are as follows: Mable Kennedy Jones had an account with the Security Savings & Loan Society, of which her husband was an officer. This account was started sometime after marriage, and the funds deposited in the bank came from only two sources: Goodbar Jones made his wife a monthly allowance for household expenses, and her savings out of this amount were deposited in this account; also Goodbar Jones and his wife had boarding and rooming with them a school teacher, and the money received for board and room or a portion thereof, was also deposited in this account. The Ford car was purchased with money thus accumulated. The application blank for state license for the car gave the wife, Mable Kennedy Jones, as the owner thereof, and the car was assessed as the property of Mable Kennedy Jones by the county assessor for taxation purposes.

Our statutes relative to community property are as follows:

"Property and pecuniary rights owned by the husband before marriage, and that acquired by him afterwards by gift, bequest, devise or descent, with the rents, issues and profits thereof, shall not be subject to the debts or contracts of his wife, and he may manage, lease, sell, convey, encumber, or devise by will, such property without the wife joining in such management, alienation, or encumbrance, as fully and to the same effect as though he were unmarried." Rem. Comp. Stat., § 6890.

"The property and pecuniary rights of every married woman at the time of her marriage, or afterwards acquired by gift, devise, or inheritance, with the rents,

issues and profits thereof, shall not be subject to the debts or contracts of her husband, and she may manage, lease, sell, convey, encumber or devise by will such property, to the same extent and in the same manner that her husband can, property belonging to him." Rem. Comp. Stat., § 6891.

"Property not acquired or owned as prescribed in the next two preceding sections, acquired after marriage by either husband or wife, or both, is community property. The husband shall have the management and control of community personal property, with a like power of disposition as he has of his separate personal property, except he shall not devise by will more than one-half thereof." Rem. Comp. Stat., § 6892.

The money deposited in the bank, having been secured by the wife under circumstances such as these, is community property, under the plain provisions of our statutes. The law is well settled that property acquired during coverture by either spouse is presumed to be community property, and the burden is upon the person claiming it to be separate property to establish its separate character. *Ballard v. Slyfield,* 47 Wash. 174, 91 Pac. 642; *Plath v. Mullins,* 87 Wash. 403, 151 Pac. 811.

In a large number of homes, husbands give their wives a considerable portion of their earnings, and the wife, as a rule pays out this money for household expenses, and, if possible, saves some portion thereof. In other homes, the husband pays the bills and cares for the savings. It would be a strange construction of the law which would make money saved by the wife separate property, and money saved by the husband community property. A case peculiarly in point on this phase of the matter is *Abbott v. Wetherby,* 6 Wash. 507, 33 Pac. 1070, 36 Am. St. 176, in which case money accumulated in the same manner as the money in this case was held to be community property.

There is no testimony in this case of any kind that the husband made a gift of the automobile to his wife, save and except the inference that may be drawn from the fact that, in the license application, the wife was stated to be the owner of the car, and from the fact that the car was assessed by the county assessor of Grays Harbor county as belonging to Mable Kennedy Jones. But nearly every automobile in this state owned by a community is listed and assessed in the same manner to either the husband or the wife, and to hold that, by doing so, the community character of the property was changed so that it became separate property would be to hold that practically all automobiles in this state which are owned by families are the separate property of either the husband or the wife, depending entirely on who made application for license and how the property happened to be assessed.

The evidence in this case shows that the car was used as a family car, sometimes being driven by the husband, and sometimes by the wife; that the cost of operation, maintenance and upkeep has always been paid for by the community funds, and that it was purchased with moneys which, under the holdings of this court and the cases heretofore cited, are community funds.

Judgment affirmed.

HOLCOMB, MAIN, PARKER, and MILLARD, JJ., concur.