[No. 28007.  *En Banc*.  October 18, 1940.]

W. A. BEAKLEY, *Appellant,* v. THE CITY OF BREMERTON
*et al., Respondents,* NELVA G. BEAKLEY, *Appellant.*[1]

[1]Reported in 105 P. (2d) 40.

*R. W. Miller,* for appellants.

*James W. Bryan, Jr.,* for respondents.

SIMPSON, J.—This case involves the personal retention by a city attorney of funds allowed by the city for stenographic services, and also involves his right to employ his wife to do the stenographic work and to be paid by the city.

The complaint alleges that plaintiff, as city attorney for the city of Bremerton, was authorized by the city to employ clerical and stenographic help, and to pay for that service the amount of fifty dollars per month; that he employed Nelva G. Beakley as his clerk and stenographer at a monthly salary of fifty dollars; that Nelva G. Beakley started to work September 1, 1937, in the capacity of clerk and stenographer, and continued to work until May 1, 1938; and that the city paid for her services to and including January 15, 1938, but refused to pay the balance due in the sum of $175. It was further alleged that Nelva G. Beakley had assigned the claim to plaintiff.

The defendants filed an answer and a cross-complaint in which they named Nelva G. Beakley as an additional defendant. The answer, in effect, denied the allegations of the complaint. As an affirmative defense and counterclaim, defendants allege that Nelva G. Beakley was the wife of plaintiff; that, during the years 1937 and 1938, the city of Bremerton set aside the sum of

fifty dollars per month for the payment of wages for a stenographer for the city attorney; that, between the first day of September, 1937, and the 15th day of December, 1937, plaintiff collected from the city the sum of fifty dollars per month for the stenographic services; and that Nelva G. Beakley collected twenty-five dollars during January for the same services. It was further alleged that, between the first day of January, 1937, and the 15th day of September, 1937, plaintiff employed Claire Duncan as stenographer in his office, to whom he paid the total sum of $265; that, during the same period of time, plaintiff collected the sum of $425 from the city for her services. Defendants demanded recovery from plaintiff and his wife in the sum of $510, claiming that that amount was made up from the sums paid Nelva G. Beakley and the sum retained by plaintiff from the amount allowed Claire Duncan.

The reply put in issue the allegations of the answer and cross-complaint.

The case was tried to the court, sitting without a jury. The court made findings of fact and conclusions of law, and entered judgment against W. A. Beakley and Nelva G. Beakley as individuals, and against the marital community composed of W. A. and Nelva G. Beakley, in the sum of $350. Motion for a new trial was made and denied.

The assignments of error are (a) the dismissal of W. A. Beakley's claim against the city in the sum of $175; (b) the granting of judgment against the appellants and their community in the sum of $350; (c) the denial of appellants' motion for a new trial.

The facts are as follows: Appellants are now, and have been for several years, husband and wife. At the beginning of the year 1936, W. A. Beakley was appointed city attorney for the city of Bremerton at a salary of $125 per month. During the years of 1937

and 1938, the city provided the sum of $50 per month to pay the salary of a stenographer for the city attorney. Claire Duncan was employed by appellant W. A. Beakley as his stenographer, and he continued her in that position until September 15 or 18, 1937. During that time, Beakley collected from the city his salary and the sum of $450 for stenographic allowance. He paid Miss Duncan the sum of $250 and retained the balance of $200. During the month of September, 1937, Beakley discharged Miss Duncan and employed his wife as stenographer. From that time until December 15, 1937, appellant W. A. Beakley collected the sum of $150 from the city for stenographic allowance, and paid it to his wife. Thereafter, Mrs. Beakley filed her claim with the city for a balance of $175 in salary as stenographer for the city attorney. Her claim was allowed to January 15, 1938, but subsequent claims were disallowed.

The first question raised on appeal by appellants deals with the denial of the recovery of the salary alleged to be due to appellant Mrs. Beakley, along with the granting of a recovery of $150 to respondent, representing amounts collected by appellant W. A. Beakley from the city for stenographic services rendered by his wife.

Rem. Rev. Stat., § 9106 [P. C. § 913], provides:

"No officer or employee elected or appointed in any such city shall be interested, directly or indirectly, in any contract or job for work or materials, or claims or demands of any kind or nature whatsoever, or the profits thereof, or services to be furnished or performed for the city; and no officer or employee shall be interested directly or indirectly, in any contract or job for work or materials, or the profits thereof, or service to be furnished or performed for any person, . . ."

Appellants contend that the mere relationship of husband and wife will not create that type of interest which is contemplated by such a statute, citing us to *Thompson v. School Dist. No. 1,* 252 Mich. 629, 233 N. W. 439, 74 A. L. R. 790, as a case in which such a relationship existed and in which no illegality was found. We wish to point out, however, the fact that the holding of the court in that case was limited to a state in which a married woman's earnings are her own property. There lies the distinction between that case and the case at bar.

Rem. Rev. Stat., §§ 6890, 6891, and 6892 [P. C. §§ 1432, 1424, 1433] provide that property acquired after marriage by either husband or wife, or both, other than by gift, devise, or inheritance, or as rents or profits from property separately owned before marriage, shall be community property. Rem. Rev. Stat., § 6896 [P. C. § 1437], qualifies the sections cited above by providing that the earnings of the wife are her separate property, provided that she is living separate from her husband at the time the money is earned. In the instant case, it was admitted that the spouses were living together at the time the money was collected for the wife's services.

This court has repeatedly held that property acquired by either of the spouses during coverture is presumptively community property, and that the burden is upon the party who contends that it is separate property to prove otherwise. *Abbott v. Wetherby,* 6 Wash. 507, 33 Pac. 1070, 36 Am. St. 176; *Ballard v. Slyfield,* 47 Wash. 174, 91 Pac. 642; *Plath v. Mullins,* 87 Wash. 403, 151 Pac. 811; *In re Brown's Estate,* 124 Wash. 273, 214 Pac. 10; *Jones v. Duke,* 151 Wash. 108, 275 Pac. 72.

The only evidence offered by appellants to support their contention that the money acquired for the

wife's services was her separate property was testimony of W. A. Beakley to the effect that Mrs. Beakley placed the money paid to her in a bank account in her own name. It is true that we have recognized the right of spouses to enter into agreements whereby it is understood that the earnings of either or both of them are to be separate property, provided, of course, no rights of creditors are prejudiced thereby. *In re Martin's Estate*, 127 Wash. 44, 219 Pac. 838, and cases therein cited. However, the evidence of such an agreement must be strong enough to overcome the presumption that the property was acquired as community property, and we have held that the mere fact that money acquired by the wife was placed in a bank account in her own name is not sufficient proof to overcome the presumption. *Plath v. Mullins, supra; Jones v. Duke, supra.*

We therefore find that the property acquired as a result of the wife's employment was community property, and that the money which would be acquired if the additional claims were allowed would also be community property.

In view of these facts, it is clear that Rem. Rev. Stat., § 9106, quoted above, applies. The denial of the right to recovery on the claims and the granting of recovery by the city of the amounts paid were therefore proper.

The next question raised by appellants deals with the sufficiency of the evidence of fraud on the part of appellant W. A. Beakley. In the course of the trial, he testified to the effect that he had actually paid Claire Duncan at the rate of $50 per month for the services rendered by her, with the exception of deductions from her salary for the purpose of paying for mimeographing and stenographic work which he had to have done outside of the office, due to Miss Duncan's inabil-

ity to handle the work. This testimony was flatly denied by Miss Duncan, who asserted that during the first part of her employment her salary was five dollars per week, and that she was then given a raise of an additional five dollars per week. No records or any other evidence were introduced by either of the parties.

It is true that, when fraud is alleged, it is necessary that the proof thereof must be clear, cogent, and convincing. *Choukas v. Carras,* 195 Wash. 659, 81 P. (2d) 841. It is the contention of appellants that the testimony of Claire Duncan was not enough to satisfy this requirement. We cannot agree with this contention. Appellants rely upon our holding in *Choukas v. Carras, supra,* in which case we reversed the trial court's finding of fraud. In that case, however, we clearly stated:

"This case presents a situation where the court must consider definite positive testimony on the one hand, and on the other the opportunity for the execution of a fraudulent scheme.

"In so holding, we are mindful of the rule frequently announced by this court that the finding of the trial court may not ordinarily be disturbed when founded on conflicting testimony.

"We hold that the evidence produced by respondents at the trial was not legally sufficient to support the finding of fraud. No two cases of fraud rest upon exactly the same character of evidence, and consequently each must be determined on its own facts."

It will be noted that, in the case at bar, as distinguished from the case just cited, there was positive testimony on the part of Claire Duncan sustaining a finding of fraud. The only evidence on the part of appellants which was opposed to that of Claire Duncan was that of appellant W. A. Beakley. In discussing the testimony given by these two witnesses, the trial court, in its memorandum opinion, stated as follows:

"In this case the court is satisfied to a moral certainty that the testimony of Miss Duncan was true. The Court had the opportunity of observing her demeanor upon the witness stand; that she was a young lady very inexperienced in business matters, and that she was deeply concerned that her word was disputed by the plaintiff; that she was greatly embarrassed by the plaintiff's testimony and that she burst from the court room in tears when her word as to the arrangement with the plaintiff was questioned, and that she indignantly denied the arrangement was as testified to by the plaintiff. It is true that both parties testified from memory, but if the facts were as testified to by the plaintiff, surely some book of account, some evidence of his payment of money to some third person or the evidence of such a third person could be introduced to substantiate the story of the plaintiff, which appeared so absurd and preposterous."

As stated in the quoted portion of *Choukas v. Carras, supra,* the rule is that the trial court may not ordinarily be reversed in fraud cases when its finding is based on conflicting testimony.

In this case, the trial court had an opportunity to observe the demeanor of the witnesses and to judge their veracity. Since Miss Duncan's testimony, if believed, was clear and cogent proof of the perpetration of fraud by W. A. Beakley, and since the trial court found her testimony to be convincing, we feel that the requirements of the rule were met.

The next point raised by appellants concerns the separate liability of appellant Nelva G. Beakley for the $200 which was fraudulently misappropriated by her husband, W. A. Beakley.

We have held that the community is not liable for torts of the husband, when committed by him as a public officer. *Kies v. Wilkinson,* 114 Wash. 89, 194

Pac. 582, 12 A. L. R. 833. This exception is not recognized, however, where the community receives the actual benefits as a result of the commission of the tort. *McGregor v. Johnson,* 58 Wash. 78, 107 Pac. 1049, 27 L. R. A. (N. S.) 1022.

It is therefore clear that both W. A. Beakley and the community composed of himself and Nelva G. Beakley are liable as a result of the fraud perpetrated.

However, it is equally clear that neither Mrs. Beakley nor her separate estate are liable for the payment of the $200 retained from the salary allowed Miss Duncan because of the fact that she in no way participated in the transaction. *McLean v. Burginger,* 100 Wash. 570, 171 Pac. 518.

The judgment of the trial court is therefore affirmed, in so far as it is binding upon W. A. Beakley individually, upon W. A. Beakley and Nelva G. Beakley, a community, in the sum of $350, and upon Nelva G. Beakley as an individual, to the extent of $150. It is reversed as to $200 found to be a personal liability of Nelva G. Beakley.

ALL CONCUR.