[No. 28073.   Department Two.   January 29, 1941.]

JOHN WALTER SCOTT, *Individually and as Executor, Appellant*, v. JOHN D. CURRIE *et al., Respondents.*[1]

[1]Reported in 109 P. (2d) 526.

*Robt. W. Garver* and *Sugg & Mason,* for appellant.

*Schaefer & Hall (Louis Schaefer,* of counsel), for for respondents.

JEFFERS, J.—This action was brought by John Walter Scott, individually and as executor of the estate of Jean G. Chamberlin, deceased, against certain named heirs, legatees, and devisees of Alice J. Scott, deceased, the unknown heirs, if any, of Alice J. Scott, Reginald Haight and wife, and all other persons or parties unknown claiming any interest in or lien upon the property involved in this action, consisting of three parcels of real estate in Clark county.

The first piece of property to which we shall refer, consisting of about twenty acres, was purchased by Alexander W. Scott, father of the plaintiff, on October 17, 1911, and title thereto was taken in the name of Alice J. Scott, wife of Alexander W. Scott and stepmother of plaintiff. This property was purchased by Mr. Scott while on a trip to Clark county, and while Mr. and Mrs. Scott were residing in Minneapolis.

The second piece of property, consisting of about fifteen acres and adjoining the first piece above mentioned, was purchased by Mr. Scott on or about January 3, 1919, and title to this property was also taken in the name of Alice J. Scott. The second piece of property was acquired after the Scotts had moved to Clark county from Minneapolis, and while they were living on the first piece above described. These two pieces of property will be referred to as the Prune hill farm.

The third parcel consisted of a house and two lots in Camas, Washington, and was acquired by Alice J. Scott on February 20, 1930, after the death of Alexander W. Scott, as the result of a deal in which the Prune hill farm was sold to one Kent Chappell.

As the consideration for such sale, Kent Chappell and wife deeded to Mrs. Scott the Camas property, giving in addition a mortgage for four thousand dollars on the Prune hill farm. This mortgage was foreclosed in 1936, and the Prune hill farm was deeded back to the executor of the estate of Alice J. Scott.

Alexander W. Scott and Alice J. Scott were married in 1886, and resided in Minnesota prior to their moving to Clark county in 1911. No children were born as a result of this marriage, plaintiff being the son of Alexander Scott by a former marriage. In 1911, Mr. and Mrs. Scott moved to Clark county and immediately took up their residence on the twenty acres first herein referred to. John Walter Scott remained in Minneapolis and apparently continued in charge of his father's plumbing business.

Mr. and Mrs. Scott continued to live on the Prune hill farm until Mr. Scott died on February 10, 1930. Mr. Scott died testate, but his will made no mention of the Prune hill farm, and this property was not inventoried or ever administered as a part of his estate. By his will, Alexander Scott bequeathed to plaintiff all his interest in the business in Minneapolis, and to his wife, Alice J. Scott, a life estate in all his other property, upon her death the residue, if any, to be divided equally between testator's brother, James Arthur Emslie, and his sisters, Mary Tindall, Nellie M. Beebe, and Jean G. Chamberlin. The will further provided that, if his wife survived his brother and sisters and all of them, then upon her death the residue, if any, of his estate was to go to plaintiff.

As hereinbefore stated, on February 20, 1930, Alice J. Scott, in her sole and separate right, and as sole grantor, sold the entire Prune hill farm to Kent Chappell, and received a deed to the Camas property and a mortgage back on the Prune hill farm. Plaintiff

testified he was present in the office of Mr. Currie when the transaction was made between Mrs. Scott and Mr. Chappell, and knew all the details of the deal.

Alice J. Scott died testate on July 9, 1931, naming John D. Currie as her executor. Her will was duly administered in Clark county, and among the property inventoried as part of her estate were the Camas property and the four thousand dollar mortgage on the Prune hill farm.

It does not appear that plaintiff, at any time during the life of Alice J. Scott, ever made claim to any of the property here in question, or in any manner objected to her handling and disposing of it as her sole and separate property.

While the complaint was apparently drawn upon the theory that both pieces of the Prune hill property were community property, if we understand appellant's brief, it is therein contended that the pleadings should be considered amended to conform to the proof, and plaintiff now claims that the first parcel of the Prune hill property was the separate property of his father, Alexander W. Scott; that the second parcel was the community property of Alexander and Alice J. Scott; and that the house and lots in Camas were but the increment of the first two pieces of property. On his own behalf, as heir to his father, and as executor of the estate of Jean G. Chamberlin, deceased, and by virtue of purported assignments from certain other heirs and devisees of Alexander W. Scott, plaintiff asserts title to the whole of the Prune hill property and a proportionate interest in the Camas property.

Defendants, claiming under and through Alice J. Scott, in addition to other contentions not material to this appeal, contend that the three parcels of real estate were the sole and separate property of Alice J. Scott.

The trial court was of the opinion, as shown by the memorandum decision filed herein, that both pieces of the Prune hill property were purchased with the separate funds of Alexander W. Scott; that, under his direction, deeds to this property were made to his wife, Alice J. Scott, and that, under the facts of this case, the property became the separate property of Alice J. Scott.

A judgment was entered, dismissing plaintiff's complaint with prejudice. Motion for new trial was made by plaintiff and denied, and this appeal by plaintiff followed.

While some seven assignments of error are made, only three are discussed in appellant's brief, and these we think are all that are necessary to a decision herein. The errors assigned and discussed are that the court erred: (1) In holding that the first tract of land on Prune hill purchased by Alexander W. Scott in 1911 was the separate property of Alice J. Scott; (2) in holding that the second tract purchased in 1919, by Alexander W. Scott, was the separate property of Alice J. Scott; and (3) in holding that the Camas property was the separate property of Alice J. Scott.

The judgment of the trial court was based upon the merits, and, believing as we do that the facts and the law sustain the judgment entered, we shall not discuss the defenses of estoppel, prior adjudication, and abatement, discussed by respondents in their brief.

The question, then, which confronts us is whether all or a part of the property in question was the community property of Alexander and Alice J. Scott, or was the separate property of either.

There is no question but that all the Prune hill property was acquired during the married life of Mr. and Mrs. Scott, and the rule in this state is that property acquired by purchase during marriage is

presumed to be community property. *Seaton v. Smith,* 186 Wash. 447, 58 P. (2d) 830. It is also the rule in this state that the status of real property is determined as of the date of its acquisition. *Walker v. Fowler,* 155 Wash. 631, 285 Pac. 649. However, the presumption last referred to is rebuttable, and may be overcome by proof that the property acquired during marriage was in fact so acquired by the separate funds of one of the members of the community. *Ballard v. Slyfield,* 47 Wash. 174, 91 Pac. 642; *United States Fidelity & Guaranty Co. v. Lee,* 58 Wash. 16, 107 Pac. 870.

■ By stipulation of counsel and uncontroverted testimony, much of which was given by appellant himself, the following facts were established: That the Scotts moved to Clark county from Minneapolis, where Mr. Scott had been conducting a plumbing business; that Minnesota is not a community property state; that the first parcel of Prune hill farm was purchased with funds obtained by Mr. Scott from the sale of certain Minnesota property which stood in his name. It further appears without contradiction that the property so acquired produced no appreciable income; that, after coming to Washington, Mr. Scott continued to own property in Minnesota, profits from which were forwarded to him by appellant, as appears from the following testimony of appellant:

"Q. Did he [referring to Alexander Scott] ever engage in any business or enterprise out here from the time he moved here until the time he died? A. Not that I know of. Q. He lived on the proceeds of his Minneapolis property and what you sent him? A. I think so, with what little he got out of the farm, which wasn't very much."

It appears that Alexander Scott had no source of income of any appreciable amount other than what came from Minnesota.

We are of the opinion, from the above facts, that

the trial court was justified in its conclusion that, as to the first piece of property, purchased in 1911, the presumption that it was community property was overcome by the evidence that it was purchased with the separate funds of Alexander Scott, brought to this state from Minnesota. See *In re Gulstine's Estate,* 166 Wash. 325, 6 P. (2d) 628.

We are also satisfied that the trial court properly concluded the second piece of property was purchased with the separate funds of Alexander Scott, for the reason that there was ample proof that no community funds existed from which it could have been purchased, the only evidence bearing on this question indicating that the funds were obtained from Mr. Scott's business in Minnesota and sent to him by appellant. The house and two lots in Camas would necessarily assume the same status as the Prune hill property, being but the increment of the latter.

The remaining question is whether this property was the sole and separate property of Alexander W. Scott, or the sole and separate property of Alice J. Scott.

Alexander W. Scott personally made the deals for the Prune hill property. In each case, he advanced the consideration from his separate funds, and had his wife, Alice J. Scott, named as grantee in the deeds. So far as this record shows, no qualifying words were inserted in either deed, limiting the interest conveyed to Mrs. Scott. No testimony or other evidence was introduced from which it could be found, as a matter of intention, that Alexander W. Scott, at the time of purchase, intended that his wife should hold title in trust for him.

The general rule is that, when property is taken in the name of a grantee other than the person who advanced the consideration for the purchase, in

the absence of other evidence of intent, that grantee is presumed to hold the legal title so acquired, subject to the equitable ownership of the person advancing the consideration. This trusteeship is imposed upon the nominal grantee, upon the theory that a resulting trust is presumed to have been created.

■ Where, however, a husband purchases property in the name of his wife, and pays for it with his separate funds, there is then, under such state of facts, no presumption of a resulting trust in favor of the husband, in the absence of a showing that such a trust was intended, but it is presumed, because of the relationship of the parties, and because of the husband's duty to support, that the husband intended to make a gift to his wife of the beneficial interest in the property passing under the deed. See 13 R. C. L. 1389, § 439; Ann. Cas. 1915C, 1082; 3 Scott on Trusts (1939), § 442.

This presumption of a gift is, however, rebuttable. It rests only on the probable intention of the husband, and may be rebutted by matter contained in the deed, or by parol evidence which establishes a contemporaneous intent of the husband to make his wife only a trustee of the property. The burden is cast upon the person attacking the validity of the *prima facie* gift to establish the resulting trust, by evidence that is clear, cogent and convincing. *Denny v. Schwabacher*, 54 Wash. 689, 104 Pac. 137, 132 Am. St. 1140. See, also, 13 R. C. L. 1389, § 439; Ann. Cas. 1915C, 1086; 3 Scott on Trusts (1939), § 443.

If we understand appellant, he seems to concede that, under the general rule, the wife is presumed to take by gift, where she is named as the grantee in a deed the consideration of which was paid by the separate funds of the husband, but appellant contends that this rule should not be followed in this

state because of our community property laws. However, he cites no authority to sustain this contention.

It is true that, in this state, the community or separate character of property is not determined by the form of the deed. Either or both spouses may be nominal grantees, yet, depending on certain facts and circumstances, the property may be either community or separate.

In the instant case, the presumption that the property here involved was community property was overcome by evidence establishing that it was purchased with separate funds of Mr. Scott. We are unable to see where our consideration of the question of whether or not this was intended as a gift to the wife, Alice J. Scott, could or should be affected by our community property laws.

This court has on several occasions subscribed to the general rule and the exception thereto, as hereinbefore set out, and we see no reason for departing from those decisions. *Denny v. Schwabacher,* 54 Wash. 689, 104 Pac. 137, 132 Am. St. 1140; *Adley v. Pletcher,* 55 Wash. 82, 104 Pac. 167; *Plath v. Mullins,* 87 Wash. 403, 151 Pac. 811; *In re Hammer's Estate,* 145 Wash. 322, 260 Pac. 532; *Dines v. Hyland,* 180 Wash. 455, 40 P. (2d) 140.

For the reasons herein assigned, the judgment of the trial court should be and is hereby affirmed.

BLAKE, BEALS, MILLARD, and STEINERT, JJ., concur.